In re Interest of Stacy and Sherry Lynn Naimie, children under 18 years of age.
Michael P. Healey, appellee, v. Karen Sue Naimie, appellant.

192 N. W. 2d 137

Filed December 3, 1971. No. 37941.

John S. Samson and Wendell Janssen, for appellant.

Donald L. Knowles, Colleen R. Buckley and Norman Denenberg, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Newton, J.

This is an action instituted in the separate juvenile court of Douglas County, Nebraska, praying that Stacy Naimie and Sherry Lynn Naimie born out of wedlock on February 7, 1969, and February 2, 1970, respectively, be found to be dependent and neglected children and further praying that the parental rights of their 19-year-old mother, appellant herein, be terminated. The court found that the children were dependent and neglected children, terminated the parental rights of the natural parents, and placed the children in the temporary custody of the Douglas County welfare administration for care, education, and maintenance in a suitable foster

home. The only question presented is the sufficiency of the evidence. We affirm the judgment of the separate juvenile court.

The petition, in Count I, alleges as defined in section 43-201 (2), R. R. S. 1943, that the children are dependent, to-wit: "Said children are without proper support and parental care from Karen Sue Naimie, natural mother of said children through no fault of said natural mother who is unable to provide proper support and parental care for the said children."

In Count II, they are alleged to be neglected because their natural mother on five occasions left them in the care of their maternal grandmother with no "arrangement for their care and maintenance," knowing that the grandmother "was incapable of caring for said children because of her ill health."

The evidence reveals that the children were born out of wedlock. The mother identified the father of Sherry but said she did not know who was the father of Stacy. There is other evidence identifying the two fathers. It conclusively appears that neither father has acknowledged his child nor contributed to her support and the judgment of the separate juvenile court terminating their parental rights in the children must be affirmed on the basis of neglect.

The mother, Karen Sue Naimie, was an unmarried woman, 19 years of age. She and the children lived with Karen's mother in a two-bedroom house, also occupied by a brother of Karen's who it appears was mentally unstable. The maternal grandmother was 43 years of age and maintained that she was in ill health due to high blood pressure and consequently unable to care for the children. There is no verification by a doctor of her condition and Karen maintains her mother is simply lazy.

The grandmother's objection to caring for her grandchildren made it impossible for Karen to obtain work although after the children were removed from her custody, Karen still failed to obtain employment over a 5½-month

period. On five separate occasions, from March 7, 1970, through August 1970, Karen left her mother's home without saying where she could be reached or when she would return. She would be gone overnight for one to three days and her whereabouts on all but one occasion remained unexplained. The last such occurrence was on August 27, 1970, and the following day Karen's mother called the Douglas County welfare department and had the children taken away. They have since been in a foster home.

On two occasions Karen left her mother's home and took the children with her. On one occasion she rented an apartment which she occupied for not to exceed one month and was unable to pay the rent in full. While there she was observed in bed with one of the two alleged fathers of her children, a married man. On the other occasion she moved in with Shirley Sweeney who had several children of her own. All of the children were on occasion left in the care of an 11-year-old son of Shirley Sweeney and on one such occasion, an emergency developed requiring hospitalization of the baby Sherry. While the children were in a foster home, Karen called to see them on four occasions. On one such occasion, she was accompanied by a married man she introduced as her boyfriend. There was also evidence that the oldest child Stacy, when first placed in the foster home, had the habit of placing objects between her legs and simulating sexual movements. There is some indication that Karen was "running wild" and Karen herself stated that one of the children's alleged fathers stated: "* * * that if I straightened up and started getting a job he would help me out as much as he possibly could." The evidence recited in this paragraph appears to extend beyond the allegations of the petition but was not objected to.

All witnesses agreed that Karen at all times kept the children clean and adequately fed and clothed and it is not disputed that she loved them.

Section 43-209, R. R. S. 1943, provides for the termination of parental rights under certain specific circumstances. This may be done when parents have substantially and repeatedly neglected a child and refused to give it necessary parental care and protection or when a parent is unfit by reason of lewd and lascivious behavior which is detrimental to the health, morals, or well-being of the child.

In the present instance, it appears that Karen Sue Naimie was not unduly neglectful of her children due to the incidents mentioned in the petition. She always left the children, during her absence, in the care of their grandmother and although the grandmother objected to this, it is apparent that the children were adequately cared for. There is, however, a broader aspect of this case which should not be ignored. The petition contains general allegations of dependency and neglect. It stands unchallenged either in the separate juvenile court or in this court. We deal here with a young mother of two children born out of wedlock. The first was conceived when she was only 17 years of age and the second about 3 months after the birth of the first. A wayward and irresponsible tendency on her part is apparent. That she is continuing this irresponsible conduct is demonstrated by her persistent association with married men, her evident refusal to obtain employment and support either herself or her children, her unexplained absences, and the effect her association with men had on Stacy, the oldest child. Under the circumstances, it appears that Karen Sue Naimie is at present unable or unwilling to give her children proper parental care and protection and that she is unfit by reason of lewd and lascivious behavior which is detrimental to her children's morals to have their custody. The child-custody statutes of the State of Nebraska are to be liberally construed to accomplish the purpose of serving the best interests of the children involved. See State v. Randall, *ante* p. 64, 187 N. W. 2d 586.

We find that the record sustains the judgment of the separate juvenile court and that the judgment should be affirmed.

AFFIRMED.