In re Interests of Patrick Michael Hartman et al.. Michael T. Healey, appellee, v. Nancy Hartman appellant.

199 N. W. 2d 26

Filed June 30, 1972.    No. 38190.

Spielhagen, Matejka & Spielhagen, for appellant.

Donald L. Knowles and Colleen R. Buckley, for appellee.

Heard before WHITE, C. J., SPENCER, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an appeal from the separate juvenile court of Douglas County in which the court terminated the parental rights of the appellant natural mother of the five minor children involved and held that it was to the best interests of the minor children that they be awarded to the care and custody of the Department of Welfare, State of Nebraska, and that the said Department of Welfare should have authority to consent to the legal adoption of said children. We affirm the judgment and order of the court.

The essential question involved in this case is the determination of fact as to whether the children involved were "neglected" children within the meaning of the statutory definition in section 43-201, R. R. S. 1943, which provides as follows: "Neglected child shall mean any child under the age of eighteen years * * * whose parent, guardian, or custodian neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such child." This court has recently defined the meaning in this statute in Mullikin v. Lutkehuse, 182 Neb. 132, 153 N. W. 2d 361, by reiterating

the position that was taken in State v. Best, 173 Neb. 483, 113 N. W. 2d 650. In the Mullikin case, we held as follows: "A neglected child is a child under 18 years of age who is abandoned by his parent, who lacks proper parental care by reason of the fault or habits of the parent, or whose parent neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such child."

A detailed review of the evidence is not necessary in this opinion. We will review the pertinent facts supporting the court's judgment. The evidence shows that the Omaha police and a caseworker for the Douglas County Social Services entered the home of the appellant; found it in complete disorder; found that there were firearms and ammunition within easy reach of all five of the children; that prior to the time they entered the home, the caseworker observed one of the minor children of the appellant playing naked in front of the home; that at the time they entered the home they found the appellant was not at home, and when the caseworker returned with the police they did not find any parent present nor anyone purporting to be in charge of the children. This general testimony was cumulatively corroborated by the most convincing type of evidence. It demonstrates that the entire interior of the home was littered with clothing, old furniture, dirt, and filth; that the five children were in various states of undress; that the kitchen was not only in a state of disorder but there appeared to have been a recent fire in the kitchen area; and that one of the older children was attempting to prepare some food for the younger children. The refrigerator was disconnected and the food therein was spoiled. The authorities were unable to get into the basement area and down the steps due to the litter consisting of clothing, junk, and boxes. Attempts to locate the appellant were futile and it became immediately necessary to take the children into pro-

tective custody. The evidence also indicates that some of the children were peculiarly in need of constant care. One of them was retarded. The appellant had been advised that there were special services available for treatment of retarded youngsters, but she did not register her child for the services available. One of the teachers of the Hartman children testified that during the period of attendance in school their clothing and bodies were dirty; and that on many occasions this condition was brought to the attention of the appellant but there was no substantial improvement in their condition. There were also problems of nonattendance in school with reference to Patrick and Diane which were brought to the attention of the appellant. The evidence in this case almost conclusively shows not only a continuing neglect, but attention far short of the normal standards for caring for children of tender years, and also shows either a refusal or a failure to do anything about the conditions when they were called to the appellant's attention by the authorities. Much of the testimony of the State was corroborated by one of the children, Patrick Hartman, age 11, who also testified that on the date in question, when the investigation was made by the authorities, he did not know the whereabouts of his mother, the appellant; that she had left the evening before and had not returned; that he did not attend school because of this and remained home attempting to take care of his younger brothers and sisters; and that he had little or no contact with Thomas Hartman, his father.

There is no denial of the facts testified to by the State's witnesses, and we may generally characterize the appellant's testimony as being an appeal to the sympathy of the court because of the separation from her husband and the hardships of maintaining a home under the conditions of poverty and strain usual in this situation. She concedes that her home was "very much a mess" and that she had left the home on May 20, 1970, and did not return until May 22, 1970, at about 3 a.m.

The court, in spite of this overwhelming evidence of neglect, continued this case from January 15, 1971, at the request of the appellant, until March 19, 1971. Again the appellant was ordered to be prepared by March 19, 1971, to show cause why her parental rights should not be terminated. The patience of the court in this situation is commendable. Again, the court did not make a final determination of the matter until April 21, 1971, when, after hearing further testimony, it finally came to the conclusion that both the appellant's and the father's rights should be terminated and ordered the children placed with the Department of Public Welfare for adoption.

It requires no argument or detailed analysis of the evidence to come to the conclusion that the court was correct in exercising its discretion and finding that these five children were neglected within the meaning of the statute. We have recently held in cases involving child custody and determinations in juvenile court that the findings of the trial court, both as to the evaluation of the evidence and as to its judgment as to the matter of custody, will not be disturbed unless there is a clear abuse of discretion. Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544. It is quite plain in this particular case that the court would have been derelict in its duty had it not made the determination of neglect that it did.

The appellant contends that her parental rights, in spite of the conclusive evidence of neglect, should not have been completely terminated. A court may terminate parental rights when it finds such action to be in the best interests of the child and it appears from the evidence that the parent has substantially, continuously, and repeatedly neglected the child and refused to give the child the necessary parental care and protection. Healey v. Naimie, 187 Neb. 494, 192 N. W. 2d 137; Mingus v. Stuchlick, 185 Neb. 139, 174 N. W. 2d 194; Hubbard v. Loewenstein, 181 Neb. 96, 147 N. W. 2d 164.

We find no abuse of discretion by the court in com-

ing to the determination that it did to terminate the parental rights. Particularly persuasive in this respect is not only the nature of the neglect by the appellant of her children, but that she continuously failed or refused to give the children necessary parental care and protection when it was called to her attention by the authorities and other persons. Not only has the appellant shown her unfitness but she has also shown that she has not substantially altered her course of conduct. The findings and the determination of the court that parental rights should be terminated are without error.

The judgment of the separate juvenile court is correct and is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.