IN RE INTERESTS OF ROBERT NORWOOD, JR., ET AL., CHILDREN
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. ROBERT NORWOOD ET AL.,
APPELLANTS.
234 N. W. 2d 601

Filed October 30, 1975. No. 39715.

Frank B. Morrison and Bennett G. Hornstein, for appellants.

Donald L. Knowles and John S. Slowiaczek, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a proceeding to have the five minor children of appellants adjudicated to be neglected and dependent children and to terminate parental rights. The Separate Juvenile Court found the children to be dependent and neglected and placed them in the custody of Douglas County social services which provided for their care by the Nebraska Children's Home Society. The matter of the termination of parental rights was taken under advisement by the court and has not been resolved.

Appellants assign as error the unconstitutionality of sections 43-201 and 43-209, R. R. S. 1943, the admission of evidence of psychiatrists, and insufficiency of the evidence. We affirm the judgment of the Separate Juvenile Court.

The challenge to constitutionality of the statutes was not raised at the trial. Presentation of an issue for the first time in a motion for a new trial is not a ground for granting the motion. The constitutionality of a legislative act must be raised at the trial or it will be considered to be waived. See Zoimen v. Landsman, 192 Neb. 561, 223 N. W. 2d 49.

Appellants object to the admission of the evidence of two psychiatrists who had treated appellants. The question requires interpretation of former section 25-1207, R. R. S. 1943, which nullifies confidential communications to a physician in proceedings under the Separate Juvenile Court Act and "regarding injuries to children." The term "injury" is comprehensive. Webster's Third New International Dictionary, p. 1164, states: "INJURY,

HURT, DAMAGE, HARM, and MISCHIEF mean in common the act or result of inflicting on a person or thing something that causes loss, pain, distress, or impairment. INJURY is the most comprehensive, applying to an act or result involving an impairment or destruction of right, health, freedom, soundness, or loss of something of value * * *." An action to protect a dependent and neglected child necessarily involves a question of impairment of a child's right to parental protection and guidance with consequent loss or destruction of mental and physical health, and the right to a normal and adequate upbringing. Child neglect can result in permanent mental and physical injury with a consequent failure to learn to cope with society and an inability to provide for his or her needs. Furthermore, section 43-209 (5), R. R. S. 1943, provides that one ground for intervention in behalf of dependent and neglected children is that: "The parents are unable to discharge parental responsibilities because of mental illness or mental deficiency, and there are reasonable grounds to believe that such condition will continue for a prolonged indeterminate period; * * *." This indicates that former section 25-1207, R. R. S. 1943, was intended to be effective when the mental condition of a parent is in issue. In the judgment of this court the neglect of a child is an injury to the child's welfare and rights. It constitutes one of the exceptions referred to in the statute and the evidence was properly admitted.

An examination of the evidence discloses that the parents of the children are to some extent mentally disturbed; medication helps them, but there is no guarantee that they will continue with the medication nor is there any assurance of the safety of the children. For the most part they have maintained a home described as filthy and they have not spent their welfare checks wisely in providing necessities and will not learn to do so. The children have not attended school regularly. The father has not worked regularly and does not pro-

vide for the family. At times there have been inadequate food and clothing. A 9-year-old retarded boy has not been toilet trained. He twice received such training away from home but each time relapsed on returning home. The findings of the trial court as to the evaluation of the evidence and the question of custody will not be disturbed on appeal unless there is a clear abuse of discretion. See, Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544; Healey v. Hartman, 188 Neb. 682, 199 N. W. 2d 26. We fail to find an abuse of discretion by the trial court in evaluating the evidence or depriving appellants of the custody of the children. It may be well to note that the question of termination of parental rights has not been passed upon by the trial court and is not before us.

The judgment of the Separate Juvenile Court is affirmed.

AFFIRMED.