IN RE INTERESTS OF KATHLEEN ANN LEWIS ET AL., CHILDREN UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, v. KATHLEEN ANN LEWIS, JACK MARTIN, III, AND ROBERT LEE MARTIN, BY IRENE MARTIN, APPELLANT.

238 N. W. 2d 247

Filed February 5, 1976. No. 40210.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Donald L. Knowles and John S. Slowiaczek, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal from the separate juvenile court of Douglas County, Nebraska, in a proceeding involving the welfare and custody of three minor children, Kathleen Ann Lewis, Jack Martin, III, and Robert Lee Martin. The trial court found the children were dependent and neglected and terminated the parental rights of the

mother, Irene Martin. Jack Martin, Jr., the father of Jack Martin, III, was then an inmate of the penal complex and the proceedings were dismissed as to him. The father of the other two children was unknown. The appellant here is Irene Martin.

The record shows the appellant left the children by themselves with no supervision on many occasions. One of the children, who attended preschool at a day care center, appeared to be extremely hungry, pale, and glassy-eyed when he came to school on Monday mornings. On one occasion he came to school wearing only a diaper. The appellant was observed to be drinking on a number of occasions. She abused and threatened personnel at the elementary school attended by the oldest child on several occasions.

The trial court found the appellant was afflicted with alcoholism and a psychiatric disorder, described as sociopathic personality, and was unable to provide proper support and parental care for the children. These findings are fully supported by the record and are not challenged by the appellant in this appeal.

The appellant contends the sections of the statute under which the proceedings were brought, specifically section 43-201, R. R. S. 1943, defining dependency and neglect, and section 43-209, R. R. S. 1943, prescribing the grounds for terminating parental rights, are unconstitutionally vague. This issue is raised for the first time in this court. The appellant also contends the trial court erred in permitting a physician to testify over objection concerning his examination and treatment of the appellant.

Both contentions were considered by this court in a similar, recent case, State v. Norwood, 194 Neb. 595, 234 N. W. 2d 601. In that case we held the constitutional issue could not be raised for the first time in this court; and under section 25-1207, R. S. Supp., 1974, a physician could be required to testify concerning his examination and treatment of the parent of a dependent

and neglected child in a proceeding to terminate parental rights.

State v. Norwood, *supra,* is controlling here. The judgment of the separate juvenile court is affirmed.

AFFIRMED.

McCOWN, J., concurs in the result.