IN RE INTERESTS OF ANNETTE HERNANDEZ AND BETTY HERNANDEZ, CHILDREN UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. EVA HERNANDEZ, APPELLANT.

259 N. W. 2d 272

Filed November 9, 1977. No. 41138.

Wayne E. Janssen, for appellant.

Leonard G. Tabor, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from the District Court which affirmed the decision of the county court of Scotts Bluff County, Nebraska, in its juvenile court capacity, determining that Samuel Hernandez and appellant Eva Hernandez had abandoned two children, Betty Hernandez and Annette Hernandez, and terminating parental rights. Eva Hernandez appeals and assigns as error that the District Court and the juvenile court erred in finding that Eva and Samuel Hernandez had abandoned their children for 6 months or more immediately prior to the filing of the petition and in terminating the parents' parental rights.

Betty, born March 4, 1966, and Annette, born January 15, 1967, are two of the eight children of the appellant Eva Hernandez and her former husband Samuel Hernandez. On July 13, 1967, a petition was filed in the county court asking that the eight Hernandez children be adjudicated neglected children. On July 20, 1967, hearing was held on the petition in the county court. Upon the oral stipulation of the parties, consenting to the placement of the eight children in the care of the court on a temporary basis, the court so ordered. The court returned six of the Hernandez children to their parents, two immediately and four within 10 days, but granted temporary care, custody, and control of Betty and Annette to the Scotts Bluff County department of public welfare until further order of the court. Annette and Betty were undergoing medical treatment at this time and it is undisputed in the record that at the time of the temporary placement, the children were suffering from malnutrition, head lice, and various

body sores, and were considered to be in a very guarded medical condition. Betty is a retarded child. At the conclusion of the medical treatment, Betty and Annette were placed in the home of Gary and Barbara Richards, a licensed foster home in Scotts Bluff County. They have remained there until this time.

From the time of the placement, until December 30, 1975, appellant saw Betty and Annette on three occasions, on March 19, 1969, on December 16, 1969, and August 13, 1970. In January 1969, appellant asked to see the children but her request was denied by a physician for medical reasons.

The appellant knew the names of the foster parents, and where they lived, and the name of the social worker in charge of the case. Appellant explains the failure of visitation on unsuitable housing, on her former husband's alcoholism, and her reluctance to approach the welfare department.

Annette and Betty have lived in the home of the foster parents in excess of 10 years. Betty attends a special school for the handicapped. Annette is normal, has no memory of her mother and father, calls her foster parents her mother and father, and calls the natural children of the foster parents her brothers and sisters. Annette becomes frightened and is apprehensive when the possibility of her return to her natural parents is discussed. The foster parents hope to adopt Betty and Annette.

"The court may terminate all parental rights between the parents * * * and such child when the court finds such action to be in the best interests of the child and it appears by the evidence that one or more of the following conditions exist: (1) The parents have abandoned the child for six months or more immediately prior to the filing of the petition; * * *." § 43-209, R. S. Supp., 1976.

No justification appears for the complete lack of interest or inquiry by the appellant for a period of

nearly 6 years. The attempted explanation cannot prevail in the face of the overwhelming lack of interest in the welfare of the children or in maintaining a relation of parent and child.

The long temporary placement of the children without determination of their status is regrettable and not to be commended but such delay only emphasizes that the appellant's interest in Betty and Annette is of recent origin. The court was correct in finding that Annette and Betty had been abandoned by appellant.

Would the termination of the parental rights of appellant be in the best interests of Betty and Annette? The single factor most prominent in this determination is that of the length of the present separation. The effect of a further separation from the foster parents is considered by psychologists to be of harm, and may impair goal orientation and identification with parental ideals. See generally 51 N. Y. U. Law Rev. 446, for a discussion of the factors to be considered in the termination of parental rights. At least two states, Michigan and New York, have recognized, by statute, extended separation without continuous contact to be a factor in this decision. Mich. Comp. Law Ann., § 722.23, 1977-78 Pocket Part; McKinney's Consolidated Laws of New York, Book 52A, § 384, 1976-77 Pocket Part.

It is, to say the least, unfair for the parent to leave the child in a legal limbo and regardless of length of time of separation to assert natural rights of the parent to custody. The paramount interests of the public and the court is the protection of the children, and where, as here, the finding of the juvenile court and District Court is not against the weight of the evidence or a clear abuse of discretion, their determination will be upheld. State v. Norwood, 194 Neb. 595, 234 N. W. 2d 601; State v. Randall, 187 Neb. 64, 187 N. W. 2d 586.

We said in Goodman v. Goodman, 180 Neb. 83, 141

N. W. 2d 445: "Children are not chattels." A bare assertion of parental natural right cannot prevail against the clear best interests of the children and the overwhelming evidence of disinterest and abandonment.

The judgment of the trial court is affirmed.

AFFIRMED.