IN RE INTEREST OF RONALD DUANE SHELBY AND MARTHA JOAN SHELBY, CHILDREN UNDER THE AGE OF 18 YEARS. STATE OF NEBRASKA, APPELLEE, V. WILMA SHELBY, APPELLANT.

306 N.W.2d 604

Filed June 5, 1981. No. 43694.

Person, Dier, Person & Osborn for appellant.

Paul L. Douglas, Attorney General, and Stephen R. Illingworth for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

Wilma Darlene Shelby appeals from an order

terminating her parental rights to her children, Ronald, born July 18, 1975, and Martha, born September 30, 1973.

The children had been placed in foster care on August 31, 1977, because the mother had been arrested as a fugitive on an extradition warrant from Kansas. A petition was filed on September 15, 1977, alleging the children were "deprived of parental care for the reason that the mother [Wilma Shelby] is in custody in the State of Kansas on criminal charges and is apparently wanted in other jurisdictions and this lack of parental care is likely to continue for an indefinite period." An order of the county court entered that day placed custody in the court with supervision by the Phelps County Department of Public Welfare.

During the next 2½ years the children remained in foster care. There was no contact between the children and their mother during this time except an occasional telephone call and a few letters.

On October 25, 1979, a petition for termination of parental rights was filed, alleging abandonment for more than 6 months. Attempts to notify the mother by certified mail were unsuccessful, the notices being refused or returned as addressee unknown. On November 2, 1979, the mother called the clerk's office inquiring about the date of hearing and whether she could appear by counsel. Further attempts at personal service were unsuccessful, so service by publication was authorized on December 5, 1979.

On February 6, 1980, the date set for hearing, the mother did not appear, but telephoned the county judge and requested a continuance. The order of the county court recites that the mother admitted that she had known of the hearing for more than 30 days. The county court continued the hearing to February 15, 1980, and appointed counsel for the mother. A guardian ad litem for the children had been appointed sometime before December 5, 1979.

The mother appeared in person and by counsel at

the hearing on February 15, 1980. The county court found that the mother had abandoned the children for more than 6 months and terminated the parental rights of the mother. Upon appeal to the District Court the order was affirmed. The mother has now appealed to this court. The principal assignments of error relate to the sufficiency of the evidence to support the order terminating parental rights.

The record shows that appellant was absent from her children for a period of approximately 2½ years. Neither child's birth certificate lists a father and no one claiming to be the father visited the children during this period. At the time appellant was arrested by the Phelps County sheriff for extradition to Kansas, Ronald was 2 and Martha was 4 years old. The children were placed in the custody and care of a foster care family. Wilma Shelby served jail sentences in Kansas and Illinois on bad check charges. Following these brief sentences, she and a married male companion moved around the country. Appellant spent time in Kansas, Arkansas, Tennessee, Colorado, Alabama, and several towns in Illinois.

Appellant's contact with her children was infrequent and limited to a few phone calls and letters. From March 1978 through December 1978, appellant made no contact whatsoever with her children.

At the time the children were placed in foster care, they were ill-clothed and dirty. Ronald suffered from a severe case of diarrhea. Martha had repeated nightmares and showed signs of abuse administered by her mother and her male companion. Martha suffered great anxiety when she spoke with her mother during her infrequent phone conversations.

A psychologist testified that the children have grown intellectually, emotionally, and psychologically since being placed in foster care. The children recognize the foster parents as their psychological parents. The foster parents have expressed the desire to adopt the children.

In a similar case of abandonment this court stated: "It is, to say the least, unfair for the parent to leave the child in a legal limbo and regardless of length of time of separation to assert natural rights of the parent to custody. The paramount interests of the public and the court is the protection of the children, and where, as here, the finding of the juvenile court and District Court is not against the weight of the evidence or a clear abuse of discretion, their determination will be upheld. State v. Norwood, 194 Neb. 595, 234 N.W.2d 601; State v. Randall, 187 Neb. 64, 187 N.W.2d 586.

"We said in Goodman v. Goodman, 180 Neb. 83, 141 N.W.2d 445: 'Children are not chattels.' A bare assertion of parental natural right cannot prevail against the clear best interests of the children and the overwhelming evidence of disinterest and abandonment." *State v. Hernandez*, 199 Neb. 386, 389-90, 259 N.W.2d 272, 274 (1977).

The record contains clear and convincing evidence that Wilma Shelby abandoned her children within the meaning of Neb. Rev. Stat. § 43-209 (Reissue 1978) and that it was in the best interests of the children that her parental rights be terminated.

The appellant raises for the first time on appeal an issue concerning the county court's failure to appoint counsel for the mother at the September 15, 1977, detention hearing. Appellant argues that she was denied due process, since she was never advised by an attorney that she had a right of visitation following the children's placement in foster care.

Neb. Rev. Stat. § 43-205.06 (Reissue 1978) provides for the appointment of counsel in juvenile proceedings. "When any minor under eighteen years of age shall be brought without counsel before a juvenile court . . . [t]he judge shall inform such minor and his parent or guardian of their right to counsel at county expense if none of them is able to afford counsel. If the minor or his parent or guardian desires to have counsel appointed for such minor, or the parent or guardian

of such minor cannot be located, and the judge ascertains that none of such persons are able to afford an attorney, the judge shall forthwith appoint an attorney to represent such minor for all proceedings before the judge in the juvenile court . . . ." The court, under this section, is directed to appoint counsel for the minor in cases where the parent cannot be located only after it is determined that that party could not afford an attorney. The communication which came from appellant prior to the second hearing seemed to indicate that she had acquired an attorney. Nevertheless, when it was brought to the attention of the court, the court appointed an attorney for the mother. Appellant's attorney then requested and was granted a continuance. No further continuances were requested. Under the circumstances, the appellant was provided a full and fair hearing and was fully represented by competent appointed counsel.

The order which was entered at the detention hearing on September 15, 1977, was in the nature of a temporary order. It was necessary because of the emergency created by the arrest and extradition of the mother to Kansas. The mother has raised no question in this proceeding concerning the propriety or necessity of foster care at that time.

The mother's complaint that she was not advised of her right to visit the children has no merit. Her imprisonment in Kansas and Illinois was of rather short duration. After her release from imprisonment there was nothing to prevent her from taking steps to regain custody of the children. In fact, on March 31, 1978, she advised the foster mother that she would come to Holdrege, Nebraska, on April 15, 1978, to pick up the children. Nothing further was heard from the mother until December 11, 1978. The mother and her companion called again on March 19, 1979, and told the children "they'd be after them very soon."

The record demonstrates quite clearly that the mother had little interest in the children. She was

content to leave them in foster care while she traveled about the country. It was not until she learned of the termination proceedings that she exhibited any concern.

Nothing could be gained by a further hearing at this time on whether the children should have been placed in the custody of the court on September 15, 1977. The evidence which sustains the finding of abandonment, together with the evidence of abuse and neglect, would compel a similar finding at this time.

The record contains clear and convincing evidence that Wilma Darlene Shelby abandoned her children for more than 6 months within the meaning of § 43-209, and that it was in the best interests of the children that her parental rights be terminated.

The judgment of the District Court is affirmed.

AFFIRMED.