IN RE INTERESTS OF ROBERT NORWOOD, JR., ET AL., CHILDREN UNDER EIGHTEEN YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, v. ROBERT NORWOOD ET AL., APPELLANTS.

277 N. W. 2d 709

Filed April 24, 1979. No. 42268.

Michael A. Fortune of Erickson, Sederstrom, Leigh, Johnson, Koukol & Fortune, P.C., for appellants.

Donald L. Knowles, Douglas County Attorney, and Francis T. Belsky, for appellee.

Heard before BOSLAUGH, CLINTON, BRODKEY, and HASTINGS, JJ., and HICKMAN, District Judge.

CLINTON, J.

This is an appeal from an order of the Separate Juvenile Court of Douglas County, Nebraska, made on June 16, 1978, under the provisions of section 43-209, R. R. S. 1943, terminating the parental rights of Robert Norwood and Violet Norwood as to the four youngest of their five male children. The parents have appealed to this court from that order and assign the following errors: (1) The evidence is insufficient to justify an order terminating parental rights. (2) The court erred in taking judicial notice of its own prior proceedings in this case and the evidence adduced in previous hearings. (3) The juvenile court erred insofar as its findings were based upon the mental condition of the parents since no evidence was presented at the termination hearings of the mental condition of the mother.

These proceedings commenced with the filing of a petition in the juvenile court on April 12, 1973. An amended petition was filed on August 1, 1973. The prayer of the petition was that the parental rights be

terminated on the grounds the children were neglected and dependent within the meaning of section 43-201, R. R. S. 1943, and the parents were unable to discharge their parental responsibilities as required by section 43-209, R. R. S. 1943. After hearings, various orders were entered by the court, including orders finding the children were neglected and dependent, and the parents were unable to fill their parental responsibilities. The culmination was an order of March 20, 1974, placing the children in the custody of the Douglas County social services and reserving for future determination the question of termination of parental rights. The parents appealed from that order to this court and we affirm the judgment of the juvenile court. State v. Norwood, 194 Neb. 595, 234 N. W. 2d 601.

Following that affirmance, the juvenile court placed custody of the children in the Nebraska Department of Public Welfare and the four boys here involved were placed in foster homes, two being placed together and the other two separately. Visitation rights under the supervision of the Department of Welfare were granted to the parents.

Thereafter a motion was made by the State to terminate parental rights, appropriate notice was given the parents, and hearings were held. Throughout all the proceedings, including those resulting in the order of March 20, 1974, the children were represented by a guardian ad litem and appointed legal counsel, and the parents were represented by a guardian ad litem and appointed legal counsel.

During the course of the hearings on termination, the juvenile court indicated it would take judicial notice of its prior proceedings and orders and its own prior findings. To this the counsel for the parents objected.

At the time of the termination hearings the ages of the four children were 12, 10, 9, and 7. We see no useful purpose in outlining the evidence in detail.

However, at the time the juvenile court took custody from the parents on March 20, 1974, and reserved ruling on termination, it may be said that the evidence clearly would have justified termination of parental rights. It appears, however, the court desired to give the parents every opportunity to demonstrate their fitness before taking such a radical step. The evidence adduced at the subsequent termination hearings, including interrogations by the court of the three youngest children, clearly permitted the court to find that the parents' inability to fulfill their parental function because of mental illness and mental deficiency had not changed; the mental illness of the parents, although improved because of the use of medication and participation in group therapy at the Nebraska Psychiatric Unit, was a condition which could be exacerbated by stress, including that arising from family responsibility, and also would return if medication were discontinued; there were reasonable grounds to believe the condition would continue for a prolonged period of time; the 12-year-old son was severely mentally retarded, having a vocabulary of only about 12 words, and required special care which the parents were totally incapable of providing now or at any time in the future; the best interests of the other three children required a stable situation which the parents could not provide and which the foster homes did; and there was a probability that the other three boys could and would be adopted if parental rights were terminated.

The court properly took into consideration all of its earlier proceedings. The matter before the juvenile court was a continuation of the same proceeding. A court must take judicial notice of its own records in the case under consideration. Solomon v. A. W. Farney, Inc., 136 Neb. 338, 286 N. W. 254. It also has a right to examine its own records and take judicial notice of its own proceedings and judgment in an

interwoven and dependent controversy where the same matters have already been considered and determined. Bank of Mead v. St. Paul Fire & Marine Ins. Co., 202 Neb. 403, 275 N. W. 2d 822; Weiner v. Morgan, 175 Neb. 656, 122 N. W. 2d 871.

The claim of error founded upon the contention there was no evidence of the mother's present mental condition is not well founded for several reasons. The record does show she was a participant in group therapy sessions, all of whose participants, the testifying psychiatrists stated, were afflicted with schizophrenia. The records of the prior hearings show there existed mental conditions in both parents which, in all probability, would continue for an indefinite length of time although ameliorated by medication. Under the provisions of section 43-209(5), R. R. S. 1943, parental rights may be terminated where parents are unable to discharge parental responsibilities because of mental illness or mental deficiency, and there are reasonable grounds to believe that such conditions will exist for a prolonged, indeterminate period. The termination was not founded wholly upon the mental condition of the parents. The record indicates the father was unemployable and would probably continue so. The family's only income was from social security and disability welfare payments. The evidence tended to show that, if custody of the children were returned to the parents, family conditions as to care, sanitation, and education would not be different from those which previously existed.

AFFIRMED.