IN RE INTEREST OF V.T. AND L.T., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. B.T., APPELLANT.
369 N.W.2d 94

Filed June 14, 1985.  No. 84-743.

B.T., pro se.

Donald L. Knowles, Douglas County Attorney, and Christopher E. Kelly, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

B.T., the natural father of the children in interest, appeals from a dispositional order of the separate juvenile court of Douglas County, dated September 7, 1984. The juvenile court order provided that V.T., age 11, and L.T., age 9, continue in foster care and that the parents receive specified counseling and cooperate with social workers. The order did not address any termination of parental rights. The order also provided for a court check in 60 days and a review in 6 months. In his appeal, in which he is pro se, B.T. alleges "there is no evidence to support any findings of the court." We affirm that order.

On May 11, 1984, a petition was filed in the juvenile court alleging that V.T. and L.T. were juveniles within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 1982). The petition was amended to allege that B.T. had been physically, verbally, and emotionally abusive to the children and their natural mother, that he had fondled himself, while he was clothed, in the presence of the children, and that the children refused to return to the parental home due to their fear of further abuse at the hands of B.T.

An adjudication hearing was held on July 10, 1984. At this hearing B.T. refused court-appointed counsel and undertook to represent himself. B.T. was present at the beginning of the hearing but did not return for the conclusion of the hearing after a lunch recess. The children testified as to their father's violent behavior, their fear of him, and the inability of their mother to protect herself or the children from him. On the same day, the court found that V.T. and L.T. were juveniles within the meaning of § 43-247(3)(a), as to B.T. through his own fault and habits, and as to the mother through no fault or habit of her own.

A dispositional hearing was held on September 6, 1984. B.T. did not appear at this hearing. After this hearing the court entered the order mentioned above, and B.T. appealed.

We first note that B.T. has appealed from the dispositional order and not from the adjudication order. It is settled that an adjudication order is an appealable order. *In re Interest of Aufenkamp*, 214 Neb. 297, 333 N.W.2d 681 (1983); *Krell v. Sanders*, 168 Neb. 458, 96 N.W.2d 218 (1959). In the absence of

an appeal from the adjudication order, this court is concerned only with the dispositional order of September 7, 1984.

B.T.'s only assignment of error deals with sufficiency of the evidence. There was an abundance of evidence in the record to support the allegations of the petition and to support the findings of the court in its adjudication order. It is clear that B.T.'s violent behavior placed the children in a potentially dangerous situation. The dispositional order removed the children from that situation and provided a procedure attempting to stabilize the parent-children relationship by placing the children in a foster home, requiring both parents to involve themselves in domestic violence counseling, and requiring B.T. to seek psychological and psychiatric treatment.

The juvenile court has broad discretion as to the disposition of children who are found to be neglected under § 43-247(3)(a). Our review, de novo on the record, satisfies us that there was no abuse of that discretion in this case. The judgment of the juvenile court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.