416 N.W.2d 18 (1987)
227 Neb. 76
In re Interest of K.L.C. and K.C., Children Under 18 Years of Age.
STATE of Nebraska, Appellee,
v.
C.R.C., Mother, Appellee, C.L.C., Father, Appellant.
No. 86-246.
Supreme Court of Nebraska.
December 4, 1987.
*19 C.L.C., pro se.
Leigh Ann Retelsdorf, Deputy Lancaster Co. Atty., for appellee State.
HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, District Judge, Retired.
GRANT, Justice.
This is an appeal from the separate juvenile court of Lancaster County, Nebraska. Appellee C.R.C. is the natural mother of the two female children in this case. Appellant, C.L.C., is the adoptive father of K.L.C., born September 23, 1968, and the natural father of K.C., born July 10, 1976. On September 1, 1982, the separate juvenile court adjudicated both children to be children as defined in Neb.Rev.Stat. § 43-247(3)(a) (Cum.Supp.1982). On October 28, 1985, a supplemental petition was filed in the juvenile court, alleging that the younger child was a child as defined in § 43-247(3)(a) (Cum.Supp.1986). The older child was not the subject of this supplemental petition.
The older child was placed in foster care after the adjudication of September 1, 1982, has continued in such care, and is not the subject of these proceedings insofar as this appeal is concerned. On February 20, 1986, the juvenile court ordered in a dispositional order, insofar as the younger child, K.C., and appellant are concerned, that K.C. should continue in the care of her mother, that appellant should have no contact with K.C., that appellant should correct the conditions of neglect adjudicated by the court, and that K.C. should not be removed from Lancaster County without court permission.
After the filing of the initial pleading in juvenile court in 1982, an attorney was appointed to represent appellant. At a hearing on December 11, 1985, the attorney was permitted to withdraw, at appellant's request. The attorney was then appointed to be appellant's legal advisor. After that date appellant represented himself. C.L.C. appeals "from the adjudication of January 20, 1986 and the dispositional order of February 20, 1986, ordering no contact with his natural daughter ... due to alleged inappropriate sexual contact and alleged neglect of said daughter." In his pro se brief, appellant alleges that the juvenile *20 court erred in finding "by clear and convincing evidence that appellant had inappropriate sexual contact with his daughter, [K.C.]," and that the juvenile court "abused its discretion in ordering there be no contact between the appellant and his daughters." This will be treated by this court as an appeal from the juvenile court's dispositional order of February 20, 1986, as to the younger child only, since the older child has passed the age of 18 and is no longer a juvenile as defined in Neb.Rev.Stat. § 43-245 (Cum.Supp.1986), and because appellant's notice of appeal is directed to the court orders with regard to the younger child only.
Appellant assigns four other errors allegedly made by the court in the hearing of this case, such as the unsupported allegation that "[t]he Separate Juvenile Court of Lancaster County was prejustice [sic] against the appellant andd [sic] failed to listen to the evidence that was presented...." The frivolousness of this particular alleged error is displayed when it is considered that the record shows that the court conducted at least 16 separate hearings and authorized appellant to present a bill of exceptions exceeding 1,200 pages to this court. Appellant has been given a full and fair hearing on all issues he has sought to present and has been denied no procedural right. The last four assignments of error set out in appellant's brief are without any merit and will not be considered further in this opinion.
Turning to appellant's first assignment of error, an examination of the entire record shows that there is more than sufficient evidence to support the juvenile court's adjudication that "[K.C.] lacks proper parental care due to the faults and habits of her father, [C.L.C.]. On or between November 1, 1984, and February 28, 1985, [C.L.C.] engaged in inappropriate sexual contact with [K.C.]." The court made further specific findings as to this inappropriate contact. The court concluded its adjudicatory order by finding that "[K.C.] is a child as defined by Neb.Rev.Stat. § 43-247(3a) by virtue of the faults and habits of [C.L.C.]."
An appeal to this court from the separate juvenile court is heard de novo on the record, and, in that review, the findings of fact made by the juvenile court will be accorded great weight by this court because the juvenile court observed the parties and the witnesses and can better judge their credibility. In re Interest of R.A. and V.A., 225 Neb. 157, 403 N.W.2d 357 (1987).
Viewing the record in that light, we find that the evidence fully supports the court's finding that all the allegations in the supplemental petition of October 28, 1985, are true.
Without reciting the details of the evidence, the younger child testified, in detail, to improper sexual contact committed by C.L.C. on her during the times alleged in the supplemental petition. The child was subjected to cross-examination by appellant himself in a fashion which the juvenile court described as "the most grueling examination the court has ever heard." The cross-examination covered 156 pages in the bill of exceptions. The child's testimony throughout supported the allegations of the supplemental petition. Other witnesses testified in corroboration of details of K.C.'s testimony.
Appellant testified to the contrary and presented other evidence that he was a good father. The juvenile court did not believe appellant's testimony, and determined the allegations of the supplemental petition were true. We fully agree. The juvenile court did not err in finding that appellant had inappropriate sexual contact with his daughter, K.C.
In its dispositional order of February 20, 1986, the court ordered, in part, that "2. [K.C.] shall continue in the care of her mother.... 3. [C.L.C.] shall have no contact with [K.C.] until he presents proof to the court that he has changed and that it would be in the best interest of the child for there to be contact." In his second assignment of error, appellant contends that the juvenile court abused its discretion in so ordering. Appellant's assignment of error in this regard is also without merit.
Among the facts known to the juvenile court during the hearings on the *21 supplemental petition was the fact that appellant was in the custody of the Department of Correctional Services following this court's affirmance, set out at 219 Neb. 70, 361 N.W.2d 206 (1985), of the lower court's finding appellant guilty of the crime of first degree sexual assault on a child under 16 years of age, in violation of Neb. Rev.Stat. § 28-319(1)(c) (Reissue 1985). This was a crime committed by appellant against the older child. Evidence was also presented in the form of letters written by appellant to K.C. Those letters showed that appellant blamed many of his problems on K.C.'s mother. Appellant contends in his brief that K.C. "lied on the stand." Brief for Appellant at 6. If appellant continues to be of the same opinions expressed in his letters and continues to display the same attitudes toward K.C. as set out in his cross-examination of the child, the only possible protection for K.C.'s future is the forbidding of future contact between appellant and K.C. We have held that the juvenile court has broad discretion as to the disposition of children neglected as defined in § 43-247(3)(a) (Cum.Supp.1986). In re Interest of R.A. and V.A., supra; In re Interest of V.T. and L.T., 220 Neb. 256, 369 N.W.2d 94 (1985).
The juvenile court did not abuse its discretion and did not err in its adjudicatory order or its dispositional order. The court's judgment is affirmed.
AFFIRMED.