IN RE INTEREST OF A.L.G., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. S.G., APPELLANT.

432 N.W.2d 852

Filed December 23, 1988.    No. 88-321.

Sarah R. Allen for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Elizabeth G. Crnkovich for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and ENDACOTT and QUIST, D. JJ.

QUIST, D.J.

This is an appeal from the Separate Juvenile Court of Douglas County, Nebraska. The juvenile court found A.L.G. to be a neglected child under the Nebraska Juvenile Code, Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988), due to a lack of proper parental care by reason of the faults and habits of the natural mother. We affirm.

An appeal to the Supreme Court from the separate juvenile court is heard de novo on the record. In that review, findings of fact made by the juvenile court may be accorded weight by this court because the trial court observed the parties and the witnesses and made findings as a result thereof. *In re Interest of K.L.C. and K.C.*, 227 Neb. 76, 416 N.W.2d 18 (1987).

On December 11, 1987, A.L.G., the 8-month-old minor child of S.G., was brought to Childrens Hospital in Omaha,

Nebraska, by her mother for treatment of possible pneumonia. A chest x ray revealed three healing fractures of the left ribs. A skeletal survey was then conducted and revealed additional fractures of the sixth, seventh, eighth, ninth, and tenth posterior ribs along the spine and a fracture to the lower shaft of the left leg. All the fractures were between 2 and 4 weeks old.

Due to the nature and extent of the injuries, the Omaha Police Department was asked to investigate the matter. During the course of the investigation, the mother offered several explanations for the injuries, none of which were consistent with the medical evidence. In addition, the mother commented to an investigator that she wanted to stop hurting the child. Following that investigation, a petition was filed in the Separate Juvenile Court of Douglas County.

Testimony given at the hearing showed A.L.G. sustained the injuries while in the care and custody of her mother and that the injuries were between 2 and 4 weeks old. The medical testimony also established that these types of injuries were most commonly the result of direct blows. The doctors explained that the type of force necessary to fracture the ribs of an 8-month-old child would be a sudden impact or impression of the chest against a hard object; the type of force necessary to fracture the leg would be a blow directly against the bone. The medical testimony also showed that while broken ribs *might not* be outwardly obvious, there would likely be some tenderness over the area of the fractures and almost certainly some discomfort, swelling, or discoloration of the broken leg. The expert testimony ruled out the possibility of an 8-month-old child's sustaining injuries of this nature in the normal course of her movements.

The mother presented no evidence in her own behalf.

After a trial, the juvenile court found the child was a neglected child as described by statute because the injuries were inflicted at a time and place when the mother either caused the injuries or knew they existed and neglected to get treatment for the child. The court ordered the child to remain in the temporary custody of the Nebraska Department of Social Services for foster care placement.

The mother appeals, assigning as error that (1) the decision

of the trial court is not supported by the evidence and is contrary to law and that (2) the court erred in basing its decision on evidence of a matter not alleged in the amended petition.

The uncontradicted evidence adduced at the hearing clearly and convincingly established (1) the child sustained injuries of a nature not likely to occur in the normal course of her movements, (2) such injuries would have some physical manifestations associated with them, and (3) the mother failed to seek medical treatment for the injuries for a period of between 2 and 4 weeks. Such evidence is sufficient to support a finding that the child is a neglected child within the Nebraska Juvenile Code.

The judgment of the Separate Juvenile Court of Douglas County is affirmed.

AFFIRMED.