IN RE INTEREST OF J.S.O., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. R.O., APPELLEE, N.J.W., ALSO
KNOWN AS N.J.O., APPELLANT.

436 N.W.2d 837

Filed March 17, 1989.   No. 88-612.

William T. Ginsburg, of Zuber & Ginsburg, for appellant.

Douglas E. Merz, Richardson County Attorney, for appellee State.

Richard L. Halbert and Michael R. Dunn, of Halbert & Dunn, for appellee R.O.

William C. Nelson, guardian ad litem.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The mother of the juvenile, J.S.O., has appealed from the judgment of the county court for Richardson County, juvenile division, continuing custody of the juvenile in the father. This followed a determination that the juvenile lacked proper parental care by reason of the fault or habits of his parent under the provisions of Neb. Rev. Stat. § 43-247(3) (Reissue 1988). We dismiss the appeal for want of jurisdiction.

Neb. Rev. Stat. § 24-541.01 (Cum. Supp. 1988) provides in part as follows:

(1) Any party in a civil case and any defendant in a criminal case may appeal from the final judgment or final order of the county court to the district court of the county where the county court is located, *except in cases of appeals from proceedings for the termination of parental rights in the county court sitting as a juvenile court. . . .*

. . . .

(4) In cases of appeals from proceedings *for the termination of parental rights in the county court sitting as a juvenile court*, the appeal shall be taken directly to the

Supreme Court in the same manner as cases appealed from a separate juvenile court pursuant to section 43-2,126.

(Emphasis supplied.)

This is *not* a case involving the termination of parental rights. Therefore, the appeal should have been to the district court, and, accordingly, this court has no jurisdiction to hear this appeal.

Appellant cites to us *In re Interest of V.T. and L.T.*, 220 Neb. 256, 369 N.W.2d 94 (1985), in which the parent appealed directly to this court. However, in that case, the appeal was from an order entered by the *separate* juvenile court of Douglas County. Appeals from all orders and judgments of the *separate* juvenile court are directly to the Supreme Court. Neb. Rev. Stat. § 43-2,126 (Reissue 1988).

Inasmuch as we have acquired no jurisdiction, the appeal must be dismissed.

ΑPPEAL DISMISSED.