In re Interest of P.L., S.L., and A.L., children under 18
years of age.
State of Nebraska, appellee, v. I.L., appellant.

462 N.W.2d 432

Filed November 16, 1990.    No. 90-057.

Miles W. Johnston, Jr., for appellant.

Linda S. Porter, Deputy Lancaster County Attorney, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Grant, J.

I.L., father of P.L., S.L., and A.L., appealed, on January 9, 1990, from an "Order Committing Children to the Temporary Legal Custody of the Nebraska Department of Social Services," entered by the separate juvenile court of Lancaster County on December 21, 1989. Appellant assigns as error the actions of the trial court (1) in overruling appellant's motion for change of venue; (2) "in finding said children lacked parental care by the fault of the appellant, in that appellant had threatened P.L. with a knife"; and (3) in finding that "said children were without proper parental care and support as appellant had no permanent home and was unable to care for said children." We affirm.

The record shows the following: On August 23, 1989, an amended petition was filed in the juvenile court, alleging that P.L., born July 29, 1973, S.L., born July 19, 1977, and A.L., born July 8, 1978, were juveniles within the definition of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988) in that they lacked proper parental care by reason of the fault or habits of both

their mother and their father, and that the children lacked proper parental care and support through no fault of their father, who was unable to care for the children. I.L. entered his voluntary appearance and appeared, with his attorney, at a detention hearing on August 23, 1989.

At this detention hearing, I.L., through his counsel, stipulated there was probable cause for a detention order, and did not object to temporary custody of the children with the Nebraska Department of Social Services, but did object to placement of the children with certain persons. On November 3, 1989, I.L., through his counsel, filed a motion for change of venue, alleging the juvenile court judge could not give I.L. a fair trial and that the "established bias and prejudice of the Separate Juvenile Court of Lancaster County, Nebraska, against [I.L.] and the interests of the minor children, will prevent a fair and impartial trial . . . ."

An adjudication hearing was held on November 7, 1989. I.L. appeared with his attorney. The children's mother was served with notice but did not appear, and her counsel was permitted to withdraw. Before testimony began, I.L.'s motion for change of venue was considered by the court. Counsel for I.L. stated that he had no evidence on the motion and was willing to submit it "on the record." The court overruled the motion and the hearing proceeded. At this hearing, P.L. testified that on August 21, 1989, her father waved a knife in front of her face and threatened to cut her throat, calling her "an ungrateful bitch." The other children were present at the time. This testimony was corroborated by P.L.'s 20-year-old cousin. P.L. and S.L. each testified that they did not want to live with their father because he is violent most of the time.

An adjudication order was entered on November 28, 1989, finding that the minor children were juveniles within the meaning of § 43-247(3)(a) by reason of the lack of proper parental care through the fault and habits of their mother and their father, and through no fault of their father. The order also provided that the children be placed in the temporary legal custody of the Nebraska Department of Social Services pending disposition and set the matter for disposition on December 21, 1989. No appeal was taken from this order.

The disposition hearing was held on December 21, 1989. The mother was neither present nor represented by counsel at the hearing. I.L. was represented by counsel and was present before the hearing. However, he refused to consent to a search for weapons before entering the courtroom and as a result was involved in "an altercation resulting in [I.L.'s] being detained by deputies from the Lancaster County Sheriff's Office." All persons in attendance at the hearing were subjected to such a search. The hearing proceeded, with the provision that I.L. could later request a hearing and present modifications to the order resulting from the hearing.

The dispositional order directed that the three minor children be committed to the care and temporary legal custody of the Nebraska Department of Social Services and approved a plan submitted by the department. The order also provided that appellant should allow access to his past mental health history or submit to a psychiatric evaluation to determine his current mental health status, and that he have no contact with his children until a qualified mental health professional advised the court that he was not a threat to the safety of his children. The order further provided for conditional visitation of the children by I.L., and provided that the disposition would be reviewed on June 22, 1990, or "immediately upon the request of [I.L.] so that [I.L.] can present his plan to the Court." The plan was specifically approved by the guardian ad litem appointed to represent the children. I.L. apparently presented no plan to the juvenile court and timely appealed to this court from the December 21, 1989, order.

As noted above, the adjudication order was not appealed. It is settled that an adjudication order is an appealable order. *In re Interest of Z.R.*, 226 Neb. 770, 415 N.W.2d 128 (1987); *In re Interest of V.T. and L.T.*, 220 Neb. 256, 369 N.W.2d 94 (1985). The adjudication order was preceded by a hearing set out in 177 pages of the bill of exceptions. An examination of appellant's assignments of error shows that all of those alleged errors stem from the adjudication hearing. The errors set out on this appeal do not set out any matters properly before this court on this appeal from the order entered after the dispositional hearing.

As we stated in *In re Interest of J.S., A.C., and C.S.*, 227

Neb. 251, 263, 417 N.W.2d 147, 156 (1987):

> Thus, once there has been the adjudication that a child is a juvenile within the meaning of the act, the foremost purpose or objective of the Nebraska Juvenile Code is promotion and protection of a juvenile's best interests, with preservation of the juvenile's familial relationship with his or her parent(s) where continuation of such parental relationship is proper under the law.

Our review of a dispositional order is de novo on the record. No errors have been assigned concerning the dispositional hearing. We have, nonetheless, reviewed the entire record for plain error. "The juvenile court has broad discretion as to the disposition of children who are found to be neglected under § 43-247(3)(a)." *In re Interest of V. T. and L. T., supra* at 258, 369 N.W.2d at 96. Our review of the juvenile court's dispositional order satisfies us that there was no abuse of discretion in this case.

AFFIRMED.