IN RE INTEREST OF L.J., M.J., AND K.J., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. H.J., APPELLANT.
472 N.W.2d 205

Filed July 19, 1991.   No. 90-1046.

Connie Kearney for appellant.

James S. Jansen, Douglas County Attorney, and Elizabeth G. Crnkovich for appellee.

Karen L. Vervaecke, guardian ad litem for L.J., M.J., and K.J.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.
The mother appeals the September 26, 1990, order of the juvenile court terminating her parental rights to her three children, L.J., M.J., and K.J., in that the children were within the meaning of Neb. Rev. Stat. § 43-292(6) (Reissue 1988). The

children had previously been found to be children within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988). She assigns as error the sufficiency of the evidence, the failure of the trial court to state that its order of termination was based on clear and convincing evidence, the overruling of appellant's motion to strike certain evidence, the failure of the court to find whether reasonable efforts had been made under the direction of the court to correct the conditions leading to termination, the overruling of appellant's motion for a psychiatric examination of appellant and her children, the overruling of appellant's objection to the taking of judicial notice of the court's records and exhibits in the instant case, and the finding that the children had previously been found to be children within the meaning of § 43-247(3)(a). We affirm.

In an appeal from a judgment terminating parental rights, the Supreme Court tries the factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court. *In re Interest of T.F.P.*, 237 Neb. 922, 468 N.W.2d 116 (1991). Where the evidence is in conflict, the Supreme Court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts rather than another. *In re Interest of T.F.P., supra.*

The children were born on August 10, 1984, July 30, 1986, and October 15, 1987. On March 23, 1989, the children were found alone, without supervision and without food, at the home of appellant's mother. The Omaha Police Division was alerted to the situation by a neighbor who became concerned after one of the children present in the grandmother's household had requested food. The children were removed from that home and placed with the Nebraska Department of Social Services.

On March 31, 1989, the Douglas County Attorney filed a petition in the juvenile court alleging that the three children came within the meaning of § 43-247(3)(a) in that they lacked proper parental care due to the fault of their mother.

On May 9, 1989, the children were adjudicated children within the meaning of § 43-247(3)(a) based on the admission plea entered by the appellant.

The court ordered a reunification plan at the disposition

hearing held on July 18, 1989. The appellant was ordered to comply with the following:

1. That [appellant] shall obtain adequate housing with the assistance of a support worker provided by the Nebraska Department of Social Services.

2. That [appellant], once adequate housing is obtained, shall cooperate with an in-home parenting program and follow any and all recommendations of that therapist.

3. That [appellant] shall complete a psychological evaluation as arranged by the Nebraska Department of Social Services.

4. That [appellant] shall cooperate with all workers involved t [sic] include notifying the probation officer on a weekly basis and notifying the workers within 24 hours of any change in address or situation.

A review hearing was held on October 19, 1989. Of the four items ordered in the reunification plan, two were not completed. Although a worker from the Child Saving Institute parenting program was assigned to assist the appellant in obtaining adequate housing, the appellant was dropped from the program because she would not return any phone calls or answer any letters. Appellant also failed to cooperate in participating in the parenting program sponsored by the Child Saving Institute, and she was terminated from that program. Appellant did complete the psychological evaluation and did maintain contact with her probation officer. However, the appellant did fail to consistently visit her children.

The court amended its rehabilitation plan and ordered the appellant to participate in a parenting program, as arranged by the Department of Social Services; maintain suitable and stable housing; involve herself in a job training/vocational program or obtain employment; participate in relinquishment counseling, as arranged by the Department of Social Services; abstain from alcohol and drugs and submit to random alcohol and drug screenings; and maintain visitation with her children, as arranged by the Department of Social Services.

A second review hearing was held on March 19, 1990. Appellant did not appear at that hearing. Since the court had already granted one continuance due to her failure to appear on

a previous occasion and since her attorney was present, the court proceeded without her. There was testimony that the appellant's probation officer had reminded the appellant on three different occasions about the hearing and had also contacted her the morning of the hearing to remind her of the hearing. The probation officer then contacted the appellant once again to determine her whereabouts, but the appellant was still in the process of "getting ready." The appellant was notified that the court would be proceeding without her.

Testimony at the review hearing established that the appellant had failed to perform most of the items on the rehabilitation plan. The appellant did not follow through with the Building Nurturing Families program offered by the Child Saving Institute and, after being encouraged to sign up again, refused to participate. The appellant had lived in several residences, and she failed to notify the probation officer of her changes of residence. The appellant failed to involve herself in a job training program. She was enrolled in a program to earn her GED, but quit after only a few days. The appellant was required to go to relinquishment counseling, but she attended only one session and then did not continue with the program. The appellant also continued to drink and refused to submit to random alcohol and drug screenings. Finally, the appellant did not visit her children on a consistent basis.

The State filed a motion to terminate appellant's parental rights on April 9, 1990, alleging that reasonable efforts, under the direction of the court, had failed to correct the conditions leading to the original jurisdictional finding. The motion further alleged:

A. [Appellant] has failed to participate in any parenting programs.

B. [Appellant] has failed to obtain and maintain adequate and stable housing.

C. [Appellant] has failed to obtain employment.

D. [Appellant] has refused to participate in a job training/vocational program.

E. [Appellant] has failed to participate in relinquishment counseling.

F. [Appellant] has failed to abstain from alcohol and

drug use.

G. [Appellant] has failed to submit to random alcohol and drug screenings.

H. [Appellant] has failed to maintain consistent visitation with said children, having visited only 5 times out of 33 scheduled visits since July, 1989.

I. [Appellant] has failed to cooperate with all workers involved in her case and to notify the probation officer within 24 hours of any change in residence.

Although the record discloses that appellant was represented throughout these proceedings by the same attorney commencing on April 10, 1989, the date of the detention hearing, through proceedings in this court, an order dated June 27, 1990, also appears in the record, appointing a guardian ad litem, an attorney, for the appellant for the stated reason that she was without representation. The guardian ad litem moved for and was granted a continuance prior to the termination hearing. The appellant and the guardian ad litem also moved for a psychiatric examination for both the appellant and her children to assess the bonding relationship between the appellant and her children. An objection to the motion was filed by the guardian ad litem for the children and by the county attorney. The bases of the objection were that the appellant had not set forth good cause why the examination should be conducted, the mental condition of the children was not in controversy in the proceedings, and the evaluation would cause the children unnecessary trauma. The motion was overruled.

The court proceeded with the motion to terminate the appellant's parental rights. The evidence supported affirmative findings on all of the failures alleged by the State. The appellant had refused to participate in any of the programs designed to aid her. She had not abstained from alcohol use. She had failed to keep her probation officer advised of her whereabouts. She had visited her children but 11 times out of a possible 53 visits made available to her. The Child Protective Services office arranged for taxi transportation to all visitation and programs, but these services were eventually discontinued because the appellant would send the taxi away or would not meet the taxi.

The trial court found that the allegations in the motion to

terminate parental rights were true, that the minor children had previously been found to be children within the meaning of § 43-247(3)(a), that the children were within the meaning of § 43-292(6), and that the best interests and welfare of the children required termination of appellant's parental rights.

The failure of the court to state in its termination order that the decision was based on clear and convincing evidence is not in itself grounds for reversal. In the case *In re Interest of A.G.G.*, 230 Neb. 707, 433 N.W.2d 185 (1988), this issue was addressed. The trial court had failed to state in the order terminating the mother's parental rights that the clear and convincing evidence established the grounds for termination or that it would be in the child's best interests to terminate the mother's parental rights. This court found that it reviews the record de novo and makes findings independent of the findings of the juvenile court and that, therefore, on its de novo review, this court may make the appropriate and necessary findings if in fact they are supported by the record.

In *State v. Souza-Spittler*, 204 Neb. 503, 283 N.W.2d 48 (1979), this court was faced with a similar situation. The decision of the trial court was not reversed. We stated that the issues are tried de novo and the findings of fact are made independently in this court. This court also stated that the clear and convincing evidence established that termination of the mother's parental rights was clearly in the best interests of the child.

In our de novo review of the record, we find that clear and convincing evidence supports the juvenile court's finding that reasonable efforts under the direction of the juvenile court have failed to correct the conditions which resulted in the adjudication that the children were within the meaning of § 43-247(3)(a).

The appellant argues that certain testimony should have been stricken in that it related to a previous plan ordered by the court, not the plan actually in effect on the date the motion to terminate was filed. The appellant further contends that since this testimony was not properly before the court, the allegations in the motion to terminate relating to that plan were not relevant or true.

Section 43-292 states:

> The court may terminate all parental rights between the parents or the mother of a juvenile born out of wedlock and such juvenile when the court finds such action to be in the best interests of the juvenile and it appears by the evidence that one or more of the following conditions exists:
>
> . . . .
>
> (6) Following a determination that the juvenile is one as described in subdivision (3)(a) of section 43-247, reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination.

It is clear from reading the statute that the court is not limited to reviewing the efforts of the parent under the plan last ordered by the court; rather, the court looks at the entire reunification program and the parent's compliance with the various plans involved in the program, as well as any effort not contained within the program which would bring the parent closer to reunification.

In the case *In re Interest of P.D.*, 231 Neb. 608, 617, 437 N.W.2d 156, 162-63 (1989), this court stated:

> [I]t does not follow that, once a court orders a rehabilitation plan, it is prohibited from considering prior events when deciding whether to terminate parental rights. . . . [I]t is often necessary for a court to determine the reasonableness of a plan or its individual provisions. It is impossible to determine whether a plan to reunite a parent and child is reasonable without considering whether the plan is designed to correct problems which required the State's intervention in the first place. Review of prior events is essential to this determination..

Next, we address the findings of the court that the allegations in the motion to terminate were true.

The court found that the appellant had failed to participate in any parenting programs. The appellant argues this was not possible until housing was obtained, and therefore this condition should be excused. The appellant was dropped from the program because she failed to contact the caseworker

involved. She told her probation officer that she did not wish to participate in the program. The program is a voluntary program, and thus the failure to participate results in termination from the program.

The court determined that appellant had failed to obtain housing. Appellant insists that that was because no one assisted her in that effort. However, the appellant refused to participate in the voluntary program which was to assist her in finding housing. The appellant refused to return phone calls and answer letters from the Child Saving Institute parenting program, which was the program designed to help her find adequate housing. A caseworker from the Department of Social Services also tried to assist her in finding housing. She was taken to apply for public assistance by a caseworker from the Child Saving Institute so that she could afford housing; however, she moved from her previous address and did not let that worker know where she was located. It is clear that appellant did not choose to take advantage of the assistance being offered to her.

The appellant had failed to obtain employment or participate in a job training program. She refused to participate in relinquishment counseling. The appellant not only failed to abstain from the use of alcohol and to submit to random alcohol and drug screenings, but actually used alcohol in the presence of her probation officer.

The trial court found that appellant had visited her children only 5 times out of a possible 33 scheduled visits since July 19, 1989. The truth of the matter is that out of a possible 53 visits since the children have been in the custody of the Department of Social Services, appellant has visited only 11 times.

Finally, it is quite apparent that appellant had not cooperated in the least with her various probation officers and caseworkers, refusing to follow their suggestions and refusing to keep them informed of her whereabouts.

It is clear that the findings of the juvenile court are supported by the evidence.

Next, the appellant contends that the court erred in finding that it is in the best interests of the children that her parental rights be terminated. The primary considerations in

determining whether to terminate parental rights are the best interests of the children. *In re Interest of T.F.P.*, 237 Neb. 922, 468 N.W.2d 116 (1991). When a parent is unwilling or unable to rehabilitate herself or himself within a reasonable period of time after the adjudication hearing, the best interests of the children require that a final disposition be made without delay. *In re Interest of T.F.P., supra.* The right of a parent to custody and control of his or her children is not an inalienable right. The public has a paramount interest in the protection of the children from neglect. *In re Interest of A.L.N.*, 223 Neb. 675, 392 N.W.2d 780 (1986).

We have held that while the juvenile court is not required to implement a plan of rehabilitation, the failure to comply with a plan which has been implemented presents an independent reason justifying termination of parental rights. *In re Interest of K.L.N. and M.J.N.*, 225 Neb. 595, 407 N.W.2d 189 (1987). In addition, this court has stated that a parent is required not only to follow the plan of the court to rehabilitate herself or himself, but also to make reasonable efforts on her or his own to bring about rehabilitation. *In re Interest of R.A.*, 226 Neb. 160, 410 N.W.2d 110 (1987).

During the period between adjudication of the children under § 43-247(3)(a) and the filing of the motion to terminate, the appellant took few steps to bring her closer to reunification with her children. The few steps taken were done grudgingly. We have set forth those failures in detail. The best interests of these children require that final disposition be made. These children cannot wait and hope that the mother will eventually take the steps necessary for reunification with her children when they have already waited in vain for such change to take place. Children cannot, and should not, be suspended in foster care, nor be made to await uncertain parental maturity. *In re Interest of C.D.C.*, 235 Neb. 496, 455 N.W.2d 801 (1990). In the best interests of the minor children, the appellant's parental rights must be terminated.

The appellant alleges that the trial court erred in failing to find whether reasonable efforts had been made under the direction of the court to correct the conditions leading to termination. We have devoted much time and space to this

allegation as we addressed appellant's other complaints. There is no merit to this contention.

The appellant asserts that the court erred in overruling the appellant's motion for a psychiatric examination of the appellant and her children to assess their bonding relationship. The children were removed from the appellant's care when they were 1, 2, and 4 years old, some $2^{1}/_{2}$ years ago. Appellant has failed to show a consistent interest in the children that would indicate a bond has been formed.

The case cited by appellant in support of her proposition is the case *In re P.A.B.*, 391 Pa. Super. 79, 570 A.2d 522 (1990). That case is easily distinguished. In the Pennsylvania case, the parents visited their children bimonthly despite the hardship involved in that they lived in a rural area and lacked private transportation. They also attended parenting classes as required. They attempted to perform all requirements ordered by the court; however, their mental incapacity prevented full achievement of the requirements. The appellant here has willfully failed to complete or even substantially complete the plans ordered by the court. Furthermore, the appellant has shown no evidence of any bonding between her and her children. There was no abuse of discretion by the trial court in refusing this request.

Next, the appellant claims that the court erred in overruling the appellant's objection to taking judicial notice of its records and exhibits in this case. This court stated in the case *State v. Norwood*, 203 Neb. 201, 204-05, 277 N.W.2d 709, 711 (1979), that

> [a] court must take judicial notice of its own records in the case under consideration. . . . [The court] has a right to examine its own records and take judicial notice of its own proceedings and judgment in an interwoven and dependent controversy where the same matters have already been considered and determined.

*Norwood* involved the taking of judicial notice of prior proceedings in a termination of parental rights adjudication.

The appellant argues that the issue of termination was raised for the first time in the April 9, 1990, motion to terminate parental rights. She alleges that the hearings prior to the

September 13, 1990, termination hearing had reunification as the goal. The evidence that is now objected to was entered at disposition hearings. The appellant contends that the exhibits and testimony were admitted into evidence under "relaxed" rules of evidence.

Neb. Rev. Stat. § 43-283 (Reissue 1988) states that "[s]trict rules of evidence shall not be applied at any dispositional hearing." It was under this standard that the evidence was admitted.

There was no objection to the exhibits admitted at the July 18, 1989, hearing and the October 19, 1989, hearing. There was an objection to the exhibits admitted at the March 19, 1990, hearing. The objection to these exhibits was that the attorney for the appellant had not reviewed the exhibits with the appellant because the appellant was not present at the hearing.

In the case *In re Interest of S.C., S.J., and B.C.*, 232 Neb. 80, 439 N.W.2d 500 (1989), this court addressed that issue. We stated that there was a complete verbatim report of the juvenile court proceedings and all reports were entered without objection. Furthermore, at many of the hearings the authors of the reports were present for cross-examination. There was no showing that any authors who might not have been present could not have been compelled to attend.

Furthermore, this court stated in *In re Interest of D.S. and T.S.*, 236 Neb. 413, 461 N.W.2d 415 (1990), that the improper admission of evidence by the trial court in a parental rights termination proceeding does not, in and of itself, constitute reversible error. As long as the appellant properly objected at trial, this court will not consider any such evidence in its de novo review. *Id.*

That is the case here. In our de novo review of the record this court has disregarded impermissible or improper evidence in determining that the clear and convincing evidence justifies termination of parental rights under the Nebraska Juvenile Code.

Finally, the appellant alleges that the trial court erred when it found that the children had previously been found to be children within the meaning of § 43-247(3)(a) and overruled the motion to dismiss raised by the appellant's guardian ad litem.

At the adjudication hearing on May 9, 1989, jurisdictional facts were admitted by the appellant, accompanied by her attorney, after being fully advised of her rights. The appellant did not appeal the order of adjudication.

The adjudication that a child is within the meaning of § 43-247(3)(a) is a final, appealable order. *In re Interest of P.L., S.L., and A.L.*, 236 Neb. 581, 462 N.W.2d 432 (1990). Appellant did not appeal the adjudication until over a year later. Thus, the appeal of this order is out of time.

The judgment of the juvenile court is correct and is affirmed.

AFFIRMED.