STATE OF NEBRASKA, APPELLEE, V.
JESSE J. BAIRD ET AL., APPELLANTS.
609 N.W. 2d 349

Filed April 14, 2000. Nos. S-99-615 through S-99-619,
S-99-649, S-99-650, S-99-665, S-99-676 through S-99-679.

246

Arthur C. Toogood, Adams County Public Defender, for appellants.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellants, 12 defendants, brought motions to discharge on the basis that they were denied their statutory and constitutional rights to speedy trials. In each case, the appellant was not brought to trial within 6 months as required by Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 1995). The district court denied the motions to discharge on the basis that good cause for delay was shown under § 29-1207(4)(f) because one of the two judges in the district was absent due to surgery, a court reporter had suffered a serious illness, and the court was unable to schedule the appellants for trial within the 6-month timeframe. The only evidence in the record of these facts was the statements of the trial judge. The appellants timely appealed, and we consolidated the cases for argument and disposition. We conclude that the State failed to meet its burden of proof because the only facts in the record provided to establish good cause were the result of comments made by the trial judge. Accordingly, we reverse.

## BACKGROUND

The appellants were all charged with varying offenses during September 1998. With the exception of *State v. Scarlett*, case No. 99-617, the State, on January 27, 1999, brought motions to set for trial in all of the appellants' cases. The motions stated that one of the judges in the district, Judge Bernard Sprague, had become seriously ill and that another judge, Judge Stephen Illingworth, was covering the entire district. The motions also stated that Judge Illingworth was unable to schedule jury trials during the remainder of the current term but that the appellants' speedy trial rights expired on various dates in March 1999. The State then moved that the matters be set for trial prior to the expiration of the appellants' speedy trial rights or, in the alternative, that the cases be continued for good cause. In *State v. Scarlett*, a similar motion was filed on February 3, 1999.

On February 5, 1999, a hearing was held on the motions. Before the State made any argument on the motions, the trial judge made the following statement:

> [F]or the record, I will state this: The other judge in this district had very serious surgery in December. I'm the only district judge in eight counties. Because of that, my schedule is full up through about the middle of April from scheduling in other counties and here. And so it's very difficult for me to change that schedule to accommodate these criminal jury trials. It's not anticipated that Judge Sprague will be back by March 4th or — it's possible he might not be back by March 30th. So, for the record, there is a lack of ability to cover these through judicial resources. I have had many hearings covered by Judges Livingston, Luther and Battershell, but it's very difficult to get substitute judges because all the judges in the state are very busy.
>
> So, with that record . . . do you have any authority for me to extend that six months to try those cases?

The State did not offer into evidence anything to substantiate the difficulties the court was having regarding scheduling. Thus, the only reasons given for establishing good cause under § 29-1207(4)(f) were presented by the trial judge.

On May 12, 1999, the district court entered a substantially identical order in each case. The orders stated that the speedy

trial time ran on varying days in March, depending on the case, and that the court was unable to set trial for the following reasons:

1. Judge Bernard Sprague originally set a date in February 1999 for a jury trial prior to the date speedy trial would run.

2. In October of 1998 Judge Sprauge's [sic] Court Reporter suffered a double aneurysm.

3. During the month of November 1998 and until Judge Sprauge's [sic] emergency surgery on or about December 5, 1998 many court days were lost because Judge Sprauge [sic] was unable to find a certified court reporter.

4. . . . Judge Sprague had emergency surgery on or about December 5, 1998 and did not return to work prior to his death on March 9, 1999.

5. There are eight counties in the 10th Judicial District and Judge Illingworth was already scheduled and unable to reschedule [the cases] prior to the expiration of the six (6) months.

The district court then found that the appellants were not prejudiced by the delay and that due to the lack of judicial resources, good cause existed to schedule the cases past the 6-month period. The district court then set trial in the cases for July 1999.

On May 17, 1999, all of the appellants except the appellant in *State v. Scarlett*, case No. S-99-617, brought motions to discharge stating that their speedy trial rights had been violated on both statutory and constitutional grounds. During the hearing on the motions, the court stated: "For the record, I would like as part of the record my journal entry and order of May 12th, 1999, wherein I discussed the reasons for not allowing discharge within six months . . . ." The State presented no evidence and argued that good cause should be found based on the facts set forth in the district court's prior order. The district court then found good cause to exist based on the reasons set forth in the May 12 order. In addition, the court stated:

The inability of this Court to set these cases for trial was unavoidable, and I would also like to state for the record another problem in setting these cases was the ongoing construction in this courthouse which made it very difficult

to schedule matters for the last year in this courthouse. And
that is also a reason for good cause.

As a result, the district court denied the motions for discharge.
The appellant in case No. S-99-617 presented a motion to dis-
charge on May 19. On May 20, the district court held a hearing
and reached the same conclusion it reached in the other cases for
the same reasons. All of the cases were consolidated for appeal.

## ASSIGNMENTS OF ERROR

The appellants assign that the district court erred in failing to
grant their motions for discharge based on the findings that a
lack of judicial resources justified delaying their trials and that
their rights to speedy trials were not violated.

## STANDARD OF REVIEW

■ Ordinarily, a trial court's determination as to whether
charges should be dismissed on speedy trial grounds is a factual
question which will be affirmed on appeal unless clearly erro-
neous. *State v. Al-Zubaidy*, 257 Neb. 935, 602 N.W.2d 8 (1999);
*State v. Blackson*, 256 Neb. 104, 588 N.W.2d 827 (1999).

## ANALYSIS

■ The appellants argue that a delay due to lack of judicial
resources is not a period of time excluded from the running of
the 6-month period in which a defendant must be brought to trial
under § 29-1207. Section 29-1207 provides:

(1) Every person indicted or informed against for any
offense shall be brought to trial within six months, and
such time shall be computed as provided in this section.

(2) Such six-month period shall commence to run from
the date the indictment is returned or the information
filed. . . .

. . . .

(4) The following periods shall be excluded in comput-
ing the time for trial:

. . . .

(f) Other periods of delay not specifically enumerated
herein, but only if the court finds that they are for good
cause.

Section 29-1208 states:

> If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

To obtain absolute discharge under § 29-1208, a defendant is not required to show prejudice sustained as the result of failure to bring the defendant to trial within the 6 months in accordance with § 29-1207(2). *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *questioned on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). We have stated that judicial delay, absent a showing by the State of good cause, does not toll the speedy trial statute. *State v. Wilcox*, 224 Neb. 138, 395 N.W.2d 772 (1986); *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972).

■ To avoid a defendant's absolute discharge from an offense charged, as dictated by § 29-1208, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). See, e.g., *State v. Wilcox, supra*. Thus, it was the burden of the State in the instant case to establish facts showing that good cause existed for the district court to delay the appellants' trials beyond the 6-month time period.

■ Clearly the comments by the trial judge are not evidence. The judge may not assume the role of a witness. Neb. Rev. Stat. § 27-605 (Reissue 1995) provides: "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." This prohibition applies not only to formal testimony, but also to whenever the judge assumes the role of a witness. *State v. Rodriguez*, 244 Neb. 707, 509 N.W.2d 1 (1993). A judge's taking the role of a witness in a trial before him or her is manifestly inconsistent with the judge's customary role of impartiality. *State ex rel. Grape v. Zach*, 247 Neb. 29, 524 N.W.2d 788 (1994); *State v. Barker*, 227 Neb. 842, 420 N.W.2d 695 (1988). Fed. R. Evid. 605, of which § 27-605 is a verbatim counterpart, " 'was drafted

as a broad rule of incompetency designed to prevent a judge presiding at a trial from testifying as a witness in that trial on any matter whatsoever.' 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 605[01] at 605-3 (1987)." *State v. Barker*, 227 Neb. at 848, 420 N.W.2d at 699-700. Thus we do not consider statements made by the court in such a capacity. See, e.g., *State v. Vidales*, 6 Neb. App. 163, 571 N.W.2d 117 (1997) (affidavit of trial judge not considered).

In the instant case, the only facts presented to support a finding of good cause were presented by the trial judge. The State did not offer any evidence. The State could have introduced evidence through the clerk of the district court as to the remodeling and lack of space. The State could have introduced affidavits as to the health of the district judge and the court reporter. Finally, another judge could have presided over the good cause hearing so as to permit Judge Illingworth to testify under oath concerning the facts set out in his order. We conclude that the State failed to make any record for this court to review as to whether good cause has been shown.

Under these circumstances, the appellants were not brought to trial within 6 months as required by § 29-1207, and the State failed to show that the delay in bringing the appellants to trial came within one of the provided exclusions. Thus, under § 29-1208, the appellants are entitled to an absolute discharge. Accordingly, the orders of the district court are reversed, and the causes are remanded with directions to enter orders of discharge in the above-captioned cases.

REVERSED AND REMANDED WITH DIRECTIONS.