STATE OF NEBRASKA, APPELLEE, V.
JAMES DEAN THOMPSON, APPELLANT.

624 N.W. 2d 657

Filed April 10, 2001.   No. A-99-1320.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HANNON, CARLSON, and MOORE, Judges.

HANNON, Judge.

## INTRODUCTION

James Dean Thompson brings this appeal after he prevailed in a postconviction proceeding by asserting that due to ineffective assistance of counsel, he had been denied his right to this appeal from a pretrial order denying his motion to discharge. After the postconviction court vacated his plea-based convictions and gave Thompson the right to a direct appeal from the order denying his motion to discharge, he filed the appeal now before us. In this appeal, Thompson argues that the trial court erred in denying his pretrial motion to discharge under Neb. Rev. Stat. § 29-1208 (Reissue 1995). He argues that the trial court incorrectly found that he had moved for a certain continuance. We find that the record does not support the trial court's finding that Thompson moved that continuance and that therefore the court incorrectly denied the motion to discharge on counts I and III of the information, but that it did not err in denying a discharge on count II of the information because that count was first charged through an amendment to the original information less than 6 months before the hearing on Thompson's motion to discharge. Accordingly, we reverse the trial court's order denying a dismissal of counts I and III, but affirm the trial court's order denying the motion as to count II.

## RECORD ON APPEAL

In this appeal, we are presented with a transcript which contains the information, the amended information, the filed motions and journals of the several orders entered by the trial court, and the journal of the plea and sentencing hearings. In addition, we are supplied with a bill of exceptions which contains the evidence adduced at the postconviction relief hearing and includes, as exhibits, the hearings in which Thompson's pleas were taken and at which he was sentenced. Among the exhibits in the bill of exceptions of the postconviction hearing is a bill of exceptions for a hearing held September 9, 1997, the

hearing at which the court continued the trial for the last time. We are not presented with a bill of exceptions of the hearing of December 3, 1997, the hearing at which a journal entry indicates the court considered arguments on Thompson's motion to discharge. In other words, we do not have a bill of exceptions containing the evidence upon which the order denying Thompson's motion to discharge would necessarily be based, but we do have what we conclude to be the only evidence available that could have been considered at the December 3 hearing. We also have a short deposition of Thompson and an affidavit of his original trial attorney.

## PROCEDURAL HISTORY

The original information was filed on September 13, 1996, and contained two counts: Count I charged Thompson with sexual penetration against a minor on or about December 1993 through May 1994, and count II charged Thompson with sexual penetration against a minor on or about August through September 1994. In an amended information filed on September 18, 1997, the State re-alleged count I, renumbered the original count II to count III, and added count II to charge Thompson with sexual contact with a minor on or about December 1993 through May 1994. However, count III of the amended information was changed at the plea hearing. The age of the victim was changed from "sixteen" to "fourteen," and the word "penetration" was changed to "contact," with both changes being in cursive writing with initials and "1/12/98" written in that area of the document. None of the charges identified the victim in any manner.

Thompson pled not guilty at his November 4, 1996, arraignment, and the trial court set the matter for trial on January 28, 1997, in an order filed November 13, 1996. After three separate motions by Thompson for continuances, the trial date was scheduled for September 9, 1997.

On September 9, 1997, the parties appeared before the court. We have a complete bill of exceptions of that hearing, which is as follows:

> THE COURT: State v. Thompson. What are we doing with that one?

MR. BERRECKMAN [Sr.]: Yes, Your Honor. Mr. Turnbull has just faxed us an Amended Information, and we are ready for trial.

MR. TURNBULL: In this case we filed an Amended Information. Mr. Berreckman was going to move for continuance, have it set for December 9th.

THE COURT: Is that right, James Dean Thompson?

MR. BERRECKMAN [Sr.]: Set for trial on December 9?

MR. TURNBULL: Yes. You were going to move to continue.

THE COURT: When did you file the Amended Information?

MR. TURNBULL: I haven't yet.

THE COURT: Does it add charges that are felonies?

MR. TURNBULL: Yes. Adds one more.

THE COURT: Adds one more? He's entitled to a preliminary hearing.

MR. BERRECKMAN [Sr.]: He waives the preliminary hearing, Your Honor.

MR. TURNBULL: Weller is in Arizona. . . .

THE COURT: If this is continued Mr. Berreckman Jr. is not opposed to having that done at the time of trial?

MR. BERRECKMAN [Sr.]: That's fine.

In its December 3 order, which is summarized below, the trial court found that this evidence supported a finding that Thompson's counsel moved for a continuance.

We understand the above colloquy to be the entire proceeding on September 9, 1997. Unfortunately, the court reporter certified additional material after the above-quoted material, which at first blush may seem to be part of the record of the case under consideration. The certified record shows that after the above discussion, the judge stated: "Then you have State vs. Talbert. What are we doing on that one?" Then there is a colloquy between the court and counsel. This colloquy clearly related to a case in which a Talbert, who was said to be in prison, was the defendant. The conversation turns on setting a trial date in November or October in keeping with the 6-month speedy trial requirement and a desire to take depositions and a lie detector test. While Thompson's counsel includes some of the contents

of this section of the bill of exceptions in his argument, disputing a finding that Thompson's counsel moved for a continuance, we think this latter colloquy does not relate to this case, and therefore we do not consider it.

The journal entry regarding the September 9, 1997, hearing, filed on September 17, states that the State moved to file an amended information and that the motion was granted. It further states, "The defendant moves to continue." It also states that through his counsel, Thompson waived his right to a preliminary hearing on amended count II and that he accepted being served at the time of trial with the amended information. The journal entry states, "The Court grants the continuance and sets the matter for December 9, 1997, at 9 o'clock a.m."

The amended information, described above, was filed on September 18, 1997. On November 26, Thompson filed a motion for discharge pursuant to § 29-1208 for the State's failure to bring him to trial within 6 months. Thompson alleged therein that the trial court's September 9 order incorrectly stated that Thompson moved to continue the case and further argued that he did not consent to any continuance.

The trial court denied Thompson's motion to discharge in a journal entry filed December 3, 1997. This entry states that after reviewing the bill of exceptions for the September 9 hearing, the trial court concluded the time accrued since September 9 should be counted against Thompson and therefore excluded. The trial court stated, "While [the record] does not specifically state that the Defendant moved for the continuance, it is clear from the context that the motion to continue was that of the Defendant."

On January 12, 1998, Thompson pled no contest to counts II and III, count III being changed by interlineation from sexual penetration to sexual contact. The trial court accepted Thompson's pleas and dismissed count I pursuant to the terms of the plea bargain. At the subsequent sentencing hearing, the trial court sentenced Thompson to two consecutive terms of 2 to 5 years' imprisonment, after overruling Thompson's motion to withdraw his pleas.

Thompson filed a direct appeal of his convictions to this court on April 24, 1998, alleging error in the denial of his motion to

discharge, in the denial of his request to withdraw his pleas, and in the imposition of excessive sentences. We affirmed the trial court's order, as modified, in a memorandum opinion, *State v. Thompson*, case No. A-98-414, filed April 20, 1999. The modification related to the length of the sentences imposed. With respect to the denial of Thompson's motion to discharge, we affirmed on the basis of *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997), because Thompson had not appealed the December 3, 1997, order denying his motion to discharge within 30 days of that order.

Thompson filed a motion for postconviction relief on June 21, 1999. Thompson prayed for an order vacating his convictions on the basis of ineffective assistance of counsel by, inter alia, failing to appeal the denial of his motion to discharge based on speedy trial grounds at the proper time. Thompson sought a dismissal of the charges against him or, in the alternative, leave to file an appeal on the speedy trial issue. By an order filed November 15, the postconviction court found that Thompson was denied effective assistance of counsel through his trial attorney's failure to advise him of his right to appeal the trial court's denial of his motion to discharge. The postconviction court further held that Thompson's pleas were entered without knowledge of his right to appeal, and due to Thompson's testimony that he would not have pled no contest had he been informed of this right, his convictions could not stand. Accordingly, the postconviction court declared Thompson's convictions void, allowed him to withdraw his pleas, and granted him leave "to pursue the appeal that he was otherwise entitled to take, and would have taken, but for the deficiency of counsel's handling of the matter." The State did not appeal from that order.

On November 18, 1999, Thompson filed a notice of appeal from the December 3, 1997, order denying his motion to discharge.

## ASSIGNMENT OF ERROR

Thompson's sole assignment of error alleges that the trial court erred in denying his motion to discharge for the State's failure to provide a speedy trial.

## STANDARD OF REVIEW

In *State v. Tucker*, 259 Neb. 225, 228, 609 N.W.2d 306, 309-10 (2000), the Nebraska Supreme Court stated:

> Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. . . .
>
> To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

(Citations omitted.)

## ANALYSIS

We begin by noting that the State did not appeal the trial court's holding in the postconviction proceeding. However, the State argues in this appeal that the trial court lacked the authority to grant Thompson this appeal and that therefore this court now lacks jurisdiction. In its argument, the State asserts that the Nebraska Supreme Court's opinion in *State v. Blunt*, 197 Neb. 82, 246 N.W.2d 727 (1976), is contrary to the state Constitution and the postconviction statutes in holding that a trial court has the inherent power to provide for a direct appeal under the postconviction statutes and in the appropriate circumstances. We note that this precedent has remained untouched by the Legislature and subsequent cases for 25 years. In addition, the holding in *Blunt* has recently been reaffirmed in *State v. McCracken*, 260 Neb. 234, 615 N.W.2d 902 (2000). We further recognize our duty to follow the Nebraska Supreme Court's holdings, and therefore we do not consider the State's argument.

With respect to the speedy trial issue, Thompson argues the time had run in which the State was required to bring him to trial. Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 1995) provides in significant part that the 6 months allowed to try a defendant is extended by any

> period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by

the court of his right to a speedy trial and the effect of his consent.

The record clearly shows that Thompson had counsel.

■ Section 29-1208 provides: "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense."

> To avoid a defendant's absolute discharge from an offense charged, as dictated by § 29-1208, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial.

*State v. Baird*, 259 Neb. 245, 250, 609 N.W.2d 349, 353 (2000).

The trial court found Thompson's counsel had moved to continue the trial. Neither party disputes that except for the time from September 9 to December 9, 1997, the previous motions by Thompson to continue the trial did not count against the 6-month requirement. We will therefore not make the findings and computations justifying that result. The question before us now is whether the time from September 9 to the date of Thompson's motion to discharge (November 26) is counted or excluded. If the time is counted, the additional 78 days from September 9 to November 26 exceeds the 6-month prescription in § 29-1207.

■ As noted earlier, we do not have a bill of exceptions for any proceeding on December 3, 1997. Of course, the merits of the trial court's action should be judged by the evidence considered on the motion. The State has the burden to prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *State v. Baird, supra.* It is clear that the State must adduce this proof at the hearing on the motion to discharge. It is the responsibility of the party appealing to have included within the bill of exceptions matters from the record which it believes material to the issues presented for review. *State v. Meis*, 217 Neb. 770, 351 N.W.2d 79 (1984); Neb. Ct. R. of Prac. 5A(2) (rev. 2000). Absent such a record, as a general rule, the decision of the lower

court as to the assigned errors is to be affirmed. *State v. Abbink*, 260 Neb. 211, 616 N.W.2d 8 (2000); *State v. Price*, 252 Neb. 365, 562 N.W.2d 340 (1997).

However, a trial court may properly take into consideration all of its earlier proceedings. *Solomon v. A. W. Farney, Inc.*, 136 Neb. 338, 286 N.W. 254 (1939). A trial court has the right to examine its own records and take judicial notice of its own proceedings. *State v. Norwood*, 203 Neb. 201, 277 N.W.2d 709 (1979); *Bank of Mead v. St. Paul Fire & Marine Ins. Co.*, 202 Neb. 403, 275 N.W.2d 822 (1979); *Weiner v. Morgan*, 175 Neb. 656, 122 N.W.2d 871 (1963).

In *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988), a trial court took judicial notice of the court file, which indicated the defendant's failure to appear for trial on a specified date and the subsequent issuance of a bench warrant to determine the outcome of a motion to discharge under § 29-1207. *McKenna* held that a trial court's act of taking judicial notice of its files can satisfy the State's burden to provide sufficient evidence that a particular time is excludable from the speedy trial clock. In *State v. Groves*, 238 Neb. 137, 469 N.W.2d 364 (1991), the Nebraska Supreme Court obviously searched the record it had before it and, upon being unable to find evidence to support the trial court's finding that the defendant's conduct justified extending the 6-month period, reversed the trial court's decision. *Groves* held that the bare record before it did not support the trial court's finding.

We have likewise searched the record supplied to us. The trial court's journal entry of the December 3, 1997, hearing on the motion to discharge states as follows:

> This matter comes before the Court on December 3, 1997, on the Motion to Dismiss filed by the Defendant. The Court has reviewed the Bill of Exceptions from the hearing held on September 9, 1997, and finds that the time should be counted against the Defendant. While it does not specifically state that the Defendant moved for the continuance, it is clear from the context that the motion to continue was that of the Defendant.
>
> Therefore, the Court finds that the Motion to Dismiss should be overruled.

We do not have a bill of exceptions of that hearing, but the journal entry clearly establishes what evidence the judge relied upon to deny the motion to discharge, and the journal entry does not indicate the judge denied the motion upon any other evidence not available to us in the record now on appeal.

An affirmative showing in a bill of exceptions that a statement in a journal entry contained in the transcript is false overcomes the presumption of truthfulness a journal entry otherwise carries. *State v. Robinson*, 233 Neb. 729, 448 N.W.2d 386 (1989); *State v. Painter*, 223 Neb. 808, 394 N.W.2d 292 (1986); *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984); *Waite v. State*, 169 Neb. 113, 98 N.W.2d 688 (1959). We are therefore in a position to consider whether or not the trial court's finding that Thompson moved for a continuance on September 9, 1997, is supported by the evidence upon which the trial court stated that it relied.

The record shows that Thompson was not personally present on September 9, 1997. In the deposition taken for his post-conviction proceeding, Thompson testified that he was not present at the September 9 hearing and would have been unable to go to trial that day, and he gave no explanation as to his absence. He did not remember whether he gave his trial attorney authority to continue and his dates of availability, but he stated his attorney "pretty much called me and told me when I needed to be there or would say well, [the prosecutor] has continued this or I've scheduled [this]." On recross-examination, Thompson stated he also did not remember if he ever advised his trial attorney not to file a continuance.

The situation is further complicated because at the time of the September 9, 1997, hearing, Thompson was principally represented by Claude E. Berreckman, Jr. (Claude, Jr.), but Claude Berreckman, Sr. (Claude, Sr.), who is associated with Claude, Jr., appeared on Thompson's behalf. The record contains an affidavit by Claude, Jr., most of which pertains to whether Thompson was or was not properly advised of his right to appeal from the denial of his motion to discharge and to the need to appeal within 30 days of that ruling. The affidavit supplies no information on the subject of a possible motion for continuance on September 9. Claude, Jr.'s affidavit neither affirms nor denies

an agreement to move for a continuance; rather, he gives his opinion as to his belief on whether the bill of exceptions for the September 9 hearing reflects a request for a continuance by the defense. Of course, this opinion is obviously irrelevant to our decision on appeal.

Claude, Jr.'s affidavit further states that he was at the hearing of "December 3, 1997, at which time a question arose as to whether at a hearing held on September 9, 1997, the Defendant, or his counsel, moved for a continuance." Neither Claude, Sr., nor the prosecutor at the September 9 hearing testified in person, by affidavit, or by deposition on that issue. In short, we have collateral evidence that the trial court did not have anything other than the bill of exceptions of the September 9 hearing to resolve the issue of whether Thompson's counsel moved for or consented to a continuance on that date.

A defendant's silence when a trial court sets the trial date after the 6-month requirement will expire is not interpreted as consent. *State v. Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980). At most, the record indicates Thompson's counsel was silent while the prosecutor made statements as to his belief of what the defense was going to do. At the September 9, 1997, hearing, the State first mentioned the motion to continue and twice asserted that the defense "intended" to ask for a continuance. Defense counsel simply asked a question regarding the proposed trial date in December. Further, defense counsel stated that he was ready for trial and would waive Thompson's right to a preliminary hearing on the added felony charge. The only consent by the defense which can reasonably be read from the record is that the preliminary hearing could be done at the time of trial *if* continued. In view of the State's burden to prove by a preponderance of the evidence that the time should be excluded from the speedy trial clock, this evidence does not support a finding that Thompson consented to a continuance. Because the clock started to run again on September 9, the 6-month deadline expired by the date of Thompson's motion to discharge on November 26 with respect to the charges contained in the original information. The trial court's findings upon which it based its denial of Thompson's motion were unsupported by the record as discussed above.

This case is still further complicated by the fact that an amended information was filed after the hearing on September 9, 1997. The amended information charged three crimes, whereas the original had charged only two. The record shows that Thompson made the necessary waivers on the record to make the amended information viable at the time Thompson agreed to the plea agreement and pled no contest to two of the three charges. We note that the charge added by count II was not on file for 6 months at the time of Thompson's motion to discharge.

Thompson's appellate counsel recognized in his brief the possible problem posed by this added charge, but dismissed it with the assertion that count II is on its face a lesser-included offense to count I, and cited *State v. Bassette*, 6 Neb. App. 192, 571 N.W.2d 133 (1997), for the proposition that for purposes of time computation for a speedy trial, these offenses would run together. *Bassette* involved a situation where a defendant attempted to tack to the period of the operative information the time period associated with a previously filed information which had been dismissed for speedy trial considerations. *Bassette* refused to consider the issue, even though tacking is recognized in Nebraska, see *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991), because no evidence was offered to prove the previously filed information or its contents.

In Thompson's case, the amended information charged three crimes, whereas the original information charged only two. The amended information therefore constituted the filing of an information on a new crime. In *Callies v. State*, 157 Neb. 640, 61 N.W.2d 370 (1953), the defendant was first charged with statutory rape and accorded a preliminary hearing on that charge. Later, the trial court granted the county attorney's request to file an amended information charging the defendant with aiding and abetting another in committing rape upon the same person. The defendant objected on the ground that the information charged a new crime. The motion to quash the information was overruled. Thereafter, the defendant was accorded a preliminary hearing on the amended information. He was later convicted on the amended information. *Callies* held that a district court is authorized to hold preliminary hearings of persons accused of the commission of a felony. It further held that it was immaterial

whether the information filed charging the new crime is called an information or an amended information; it was apparent from the record that every constitutional and statutory right to which the defendant was entitled had been protected.

At the September 9, 1997, hearing, the trial court and both attorneys indicated that Thompson was entitled to a preliminary hearing on the new charge, but Thompson later waived that right at the time of his pleas. The court and attorneys clearly understood that a new crime was being charged. When an information is filed in the district court, the 6-month period for a speedy trial begins to run when the district court finds probable cause at a preliminary hearing or when the defendant waives the preliminary hearing. *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999). There is therefore no speedy trial issue on count II if it in fact charges a crime different from the two crimes charged in the original information.

The difficulty in appraising the effect of the amended information in this case arises by reason of the lack of specificity in the information and in the later factual basis at the time of the plea. Defense counsel's claim that count II of the amended information is a lesser-included offense to the charge in count I has facial validity, because the information, the amended information, and the factual basis given to support Thompson's pleas to counts II and III are all quite unspecific. However, upon closer examination of the record, we do not agree with defense counsel's position.

The Nebraska Supreme Court has held that the sexual assault of a child is not a lesser-included offense of first degree assault. *State v. Beermann*, 231 Neb. 380, 436 N.W.2d 499 (1989). *Beermann* reasoned that first degree assault could be proved by showing the defendant was 19 years of age and the victim was 15 years of age, but under sexual assault of a child, the victim had to be 14 years of age or younger. Furthermore, we must remember that we are considering a ruling made during the course of the proceedings at a time when Thompson still had a right to a preliminary hearing. If he desired to contest that the crime charged in count II was already included within count I, he was entitled to a preliminary hearing in which such a contest is proper. Assuming that the trial court had granted the motion

to discharge counts I and III, and further assuming the State had persisted in pursuing count II, Thompson would have had the right to raise the issue of whether count II was included within the dismissed count I and would have been entitled to a hearing on that issue. However, for the limited purposes of this appeal, we know only that count II had not been pending for 6 months at the time the motion to discharge was filed. The trial court was therefore justified in denying Thompson's motion to discharge count II of the information, but it should have granted his motion with respect to counts I and III.

## CONCLUSION

For the above-stated reasons, we reverse the order of the district court of December 3, 1997, in respect to the refusal to dismiss counts I and III and remand the cause with directions that counts I and III of the amended information be dismissed under § 29-1208, but hold that the trial court correctly denied the motion as to count II and remand the cause for further prosecution upon that charge.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.