STATE OF NEBRASKA, APPELLEE, V.
ANN R. SOLTIS, APPELLANT.
644 N.W.2d 160

Filed April 9, 2002.   Nos. A-01-699, A-01-700.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HANNON, INBODY, and CARLSON, Judges.

HANNON, Judge.

## INTRODUCTION

Ann R. Soltis appeals from an order overruling her motion for discharge. Soltis was charged by complaint with a Class I misdemeanor on February 8, 2000. On August 31, 2000, Soltis filed a motion for discharge alleging that the State had not brought her to trial within the statutorily prescribed time under Neb. Rev. Stat. § 29-1207 (Reissue 1995). The county court overruled the motion, and the district court affirmed. We find that the State failed to introduce evidence which would extend the allowable trial time to the date to which the trial was set. We therefore conclude the motion to discharge should have been granted, and we reverse the judgment of the district court and remand the cause with directions to dismiss.

## BACKGROUND

Soltis was charged by complaint on February 8, 2000. On June 9, Soltis appeared without counsel approximately one-half hour late for her bench trial and stated that she did not have an attorney, but would like a public defender appointed. Soltis stated that she planned to hire an attorney, but had found out the day before that her parents did not hire one for her. She requested a continuance and also asked that a public defender be appointed. After inquiring into her financial status, the county

court appointed her counsel, continued the case until June 23, and said that it did not want her to sign a waiver of speedy trial rights because she did not have counsel, but informed her that this time was going to be counted against her because she, not the State, requested the continuance.

The transcript reveals that on June 23, 2000, a further hearing was held in which Soltis' attorney appeared and entered a not guilty plea for her. A jury trial was set for September 11, with a pretrial hearing on August 31. There was no record made of the June 23 hearing, and nothing in the record indicates that Soltis requested a continuance at that hearing.

On August 31, 2000, Soltis filed a motion for discharge arguing that the time for the State to bring her to trial had run under § 29-1207. The county court set the matter for hearing on September 5. At that hearing, no evidence was presented, and merely arguments by counsel and a finding by the trial court took place. The county court announced its decision on the record and found that Soltis was responsible for the delay in bringing her to trial because she failed to appear on time for her bench trial on June 9. The court also found that the court set the trial for the earliest date on the jury trial docket and overruled the motion. Soltis appealed to the district court, which affirmed the county court's decision. Soltis now appeals from the decision of the district court.

## ASSIGNMENT OF ERROR

Soltis alleges that the district court erred in affirming the county court's order denying her motion for discharge.

## STANDARD OF REVIEW

In *State v. Tucker*, 259 Neb. 225, 228, 609 N.W.2d 306, 309-10 (2000), the Nebraska Supreme Court stated:

Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. . . .

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

See, also, *State v. Thompson*, 10 Neb. App. 69, 624 N.W.2d 657 (2001).

## ANALYSIS

Section 29-1207 states that every person charged for any offense shall be brought to trial within 6 months of the day the indictment is returned or the information filed. Case law holds trial shall be held within 6 months of the filing of the complaint in county court. See *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978).

▬ Section 29-1207(4)(b) states, in relevant part, that the following period shall be excluded in computing the time for trial:

> The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent.

A defendant may waive his or her right to a speedy trial under § 29-1207 so long as he or she is properly advised of his or her right to a speedy trial and the waiver is entered voluntarily, knowingly, and intelligently. *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989).

▬ The State has the burden of proving that one or more of the excluded periods of time under § 29-1207(4) are applicable if the defendant is not tried within 6 months of the filing of the information in a criminal action. *State v. Groves*, 238 Neb. 137, 469 N.W.2d 364 (1991). The State must prove by a substantial preponderance of the evidence that one or more of the time periods are applicable. See *State v. Johnson, supra*. In this case, the complaint was filed on February 8, 2000. The final trial date under § 29-1207 is determined by excluding the date the complaint was filed, counting forward 6 months, and then back 1 day. See, *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991); *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). Therefore, without any excludable period, Soltis should have been brought to trial by August 7, 2000.

*Exclusion from June 9 to 23, 2000.*

When a defendant is aware of the scheduled trial date and fails to appear on that date, the time is tolled until such time as the defendant either willingly or unwillingly appears again in court. *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988). From the record, it appears that Soltis appeared about one-half hour late, but after the court had dismissed the witnesses. Since Soltis appeared on the date set, but late, this rule would perhaps exclude 1 day, but not more. We conclude we need not decide that question.

On June 9, 2000, the court set the next hearing for June 23. The record shows that Soltis, without an attorney, requested the court to appoint a public defender. On that date, the judge stated that the State was prepared to go to trial and that "until the next date that this is set for trial, it's the Court's ruling that this is on your continuance." The judge also said that "[y]ou have a speedy trial right, which was explained to you, and the time from this day forward until our next hearing . . . will be charged to you alone. Do you understand?" Soltis responded, "Uh-huh." The judge then swore her as a witness, examined her on her inability to afford counsel, listened to the prosecutor's arguments against appointing a public defender, and then appointed her counsel. Soltis agreed to be in court on June 23 at 9 a.m. In the record, Soltis did not specifically waive her right to speedy trial nor was she advised of the meaning of her right to a speedy trial. The March 2 arraignment of Soltis was recorded on a pre-prepared form which has a section entitled "RIGHTS EXPLAINED," and a checkmark appears before the line "Speedy trial and by jury if misdemeanor or city ord. with specific penalty."

As stated above, § 29-1207(4)(b) states that a defendant without counsel has not deemed to consent to a continuance unless advised of the speedy trial rights and the effect of consenting therefor. It may be that the situation here amounts to a continuance at Soltis' request or that the record could be somehow interpreted that the continuance was granted with her consent after the court advised her of the effect of her consent. However, even if the record is interpreted to show Soltis requested or consented to the continuance, we can see no basis for holding that she did so in a manner to extend the period past June 23, 2000,

a period of 14 days. The exclusion of this period would only extend the 6-month trial time to August 21, and the motion for discharge was not filed until August 31. This would not extend the permitted trial date to August 31, when the motion to discharge was filed. An appellate court is not obligated to engage in an analysis which is unnecessary to adjudicate the case before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994); *State v. Clark*, 8 Neb. App. 525, 598 N.W.2d 765 (1999). We will not determine whether the record in this case would justify that 14-day extension, because that time still falls short of when Soltis should have been brought to trial.

*Possibility for Exclusion of Additional Time.*
     The only record we have of the June 23, 2000, hearing is a journal entry which shows nothing but the appearances of the defendant and counsel, the setting of the pretrial hearing for August 31, and the trial for September 11. The procedural facts in this case are quite near those in *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978). In *Johnson*, the trial was set within the 6-month period, but the defendant did not appear for trial. One month later, he appeared, and without an explanation in the record, the trial was set for approximately 2 months later. Like the case at hand, there was no evidence in the record to show why the trial was set for that time. Upon a motion to discharge, the trial court excluded the time from when the trial date was set to the trial date because the trial date " 'was arrived at with the consent of the defendant's counsel' " and the judge "believe[d]" the defendant's counsel did consent. *Id.* at 325, 268 N.W.2d at 87. The *Johnson* court recognized that it was settled law that the primary burden is on the State, the prosecutor and the court, to bring the accused person to trial within the time provided for by law and that a defendant's failure to object at the time the court enters an order setting the trial date after the 6-month period does not constitute a waiver of his or her rights under the statute. The *Johnson* court further stated:

> Finally, we set down specific guidelines for future cases, stating that when the trial court sets a date for trial outside the 6-month period, the court shall: "(1) Advise the defendant of his statutory right to a speedy trial and the effect of his consent to a period of delay, and . . . (2) Ascertain of

record whether the defendant does or does not waive his right to a speedy trial and consent to the trial date set." 201 Neb. at 326, 268 N.W.2d at 88, citing *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972). These guidelines were not followed by the county court.

■ The trial judge in this case made an oral finding in the bill of exceptions that Soltis' trial date was set for the next available jury trial term. However, this finding is not based upon any evidence in the record. In determining excludable periods, the court may take judicial notice of the files and records of that court. *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988). But there is nothing in the record which would establish any consent or waiver.

The trial court used a form entitled "Further Hearing/Judgment" to record the denial of the motion to discharge. The form is largely inapplicable to the hearing it was used to record, and it therefore shows only appearances and that the motion to discharge was overruled. The bill of exceptions of the September 5, 2000, hearing shows no evidence was introduced. On the last page, the trial judge stated, "At that time, the court's docket was of such a nature that it did not permit setting that jury trial until this month," and near the end, there is a statement that "the Court set it for the earliest date which was available on the jury trial docket." Upon consideration of the appeal, the district court cited this page of the bill of exceptions as justification for its decision to affirm the trial court.

■ "The judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." Neb. Rev. Stat. § 27-605 (Reissue 1995). This rule prohibits the district court or this court from treating the above-quoted statement of the trial judge as evidence of the condition of the trial court's docket. See *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000) (comments by judge stated into record as to reasons trial could not be held within 6-month period held not to be evidence).

■ Here, there was no evidence introduced, and therefore no evidence in the record, which could support a finding that the docket was such that the trial could not have been set earlier than September 11, 2000. The *Baird* court stated that the State

can use affidavits or testimony of the court clerk to prove the scheduling of cases on the docket. Such evidence would have been appropriate here. The merits of the trial court's action should be judged by the evidence considered on the motion. See *State v. Thompson*, 10 Neb. App. 69, 624 N.W.2d 657 (2001). Like the *Baird* court, we have no record to review in order to determine whether facts exist which would have justified the belated trial date.

## CONCLUSION

We conclude that Soltis is entitled to discharge because the State failed to present any evidence of good cause which would exclude time after June 23, 2000. We reverse the judgment of the district court and remand the cause with directions to dismiss the complaint against Soltis.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.