STATE OF NEBRASKA, APPELLEE, V.
RONALD L. WASHINGTON, APPELLANT.
658 N.W.2d 302

Filed March 11, 2003.   No. A-01-1257.

Michael F. Maloney for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

IRWIN, Chief Judge, and HANNON and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Ronald L. Washington appeals from an order of the district court overruling his motion for absolute discharge. Washington's motion for absolute discharge was made on both statutory and constitutional grounds. Because we find Washington's statutory right to a speedy trial was violated, we reverse, and remand with directions to dismiss.

## II. BACKGROUND

On December 2, 1999, the State filed an information against Washington. On December 7, Washington filed a motion for discovery, which motion was disposed of by the court on December 9. According to the record presented to us, no other relevant filings were made between December 1999 and June 2000.

On June 1, 2000, the State filed a motion to continue trial. In both the motion and a supporting affidavit, the State alleged that Washington's counsel was unavailable for hearing on the motion until June 5. On June 6, a hearing was held on the State's motion and Washington's counsel indicated that there was no objection to a 30-day continuance being granted.

On June 6, 2000, Washington filed a notice of intent to use evidence of past sexual behavior, pursuant to the statutory requirements of Neb. Rev. Stat. § 28-321(1) (Reissue 1995). On June 14, the State filed a motion in limine seeking to preclude Washington from introducing evidence of the prior sexual behavior or assaults of the alleged victim in the present case. On June 27, Washington sought a continuance of the hearing on the State's motion. On July 24, Washington sought another continuance.

On August 25, 2000, a hearing was held on the State's motion in limine. At the conclusion of the hearing, Washington was granted leave to adduce additional evidence. Washington submitted the additional evidence on August 28, and the court took the matter under advisement. The court did not enter a ruling on the State's motion in limine until January 18, 2001.

A pretrial conference was scheduled for January 22, 2001. Washington failed to appear for the pretrial conference, and the court issued a capias for Washington's arrest. The capias was executed on March 20, and Washington was arrested.

On March 21, 2001, Washington appeared in court for a bond review hearing. Washington made an oral motion for absolute discharge based on an alleged denial of his right to speedy trial. On April 5, a hearing was held on Washington's motion, at which hearing his counsel indicated the motion was being made "on statutory and Constitutional grounds." The matter was taken under advisement.

The court did not issue an order ruling on Washington's motion for absolute discharge until October 17, 2001, more than 6 months after the matter was taken under advisement. The court denied Washington's motion for absolute discharge. In so ruling, the court held that the 30-day continuance granted on June 6, 2000, without objection of Washington, "remains in full force and effect and, therefore, that [Washington's] right to a speedy trial has not been violated." The court reasoned that although the

record supported Washington's position that the continuance was "only for a period of thirty days following its entry," the "conduct of the parties [indicates] that the thirty day period of time was not intended to be strictly construed." This timely appeal followed.

## III. ASSIGNMENT OF ERROR

Washington has assigned only one error on appeal: The district court erred when it failed to grant Washington his absolute discharge from the offenses charged.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

██ Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000); *State v. Soltis, ante* p. 61, 644 N.W.2d 160 (2002). To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

### 2. STATUTORY RIGHT TO SPEEDY TRIAL

On appeal, Washington argues that he was entitled to an absolute discharge "because the State of Nebraska violated his statutory right to a speedy trial." Brief for appellant at 2. As such, we first address whether the motion to discharge should have been sustained on statutory grounds, pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995). Because we conclude that Washington was not brought to trial within the time provided by § 29-1207, we conclude that Washington's motion for discharge should have been sustained on statutory grounds.

██ Section 29-1207 provides that every person charged for any offense shall be brought to trial within 6 months of the day the information is filed. Section 29-1207(4) provides a variety of time periods which are to be excluded when computing whether the 6-month period has expired. The State has the burden of proving that one or more of the excluded periods of time under § 29-1207(4) are applicable if the defendant is not tried within 6 months of the filing of the information in a criminal action. *State v. Soltis, supra.*

▮ The final trial date under § 29-1207 is determined by excluding the date the information was filed, counting forward 6 months, and then backing up 1 day. See, *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991); *State v. Soltis, supra*; *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). As noted, the information was filed against Washington on December 2, 1999. Therefore, without any excludable periods, Washington should have been brought to trial by June 2, 2000.

(a) Exclusion From December 7 to 9, 1999

Section 29-1207(4)(a) provides that the time from filing until final disposition of pretrial motions of the defendant shall be excluded in computing the date by which the defendant must be brought to trial for speedy trial purposes. On December 7, 1999, Washington filed a pretrial motion for discovery. This pretrial motion of the defendant was disposed of on December 9. As such, these 2 days should be excluded from computing Washington's trial date. See *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002) (day of filing of defendant's pretrial motions not included in counting). Therefore, without any other excludable periods of time, Washington should have been brought to trial by June 4, 2000. (June 2 + 2 days = June 4.)

(b) Exclusion From June 1 to July 6

On June 1, 2000, the State filed a motion for a 30-day continuance. In both the motion and the supporting affidavit, the State indicated that Washington's counsel was not available for hearing on the State's motion until after June 5. A hearing on the motion was held on June 6, at which time Washington consented to a 30-day continuance.

Section 29-1207(4)(b) provides that the period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel shall be excluded in computing the date by which the defendant must be brought to trial for speedy trial purposes. Because there is no dispute on appeal that Washington consented to this continuance, the 35 days attributable to this continuance should be excluded from computing Washington's trial date. Therefore, without any other excludable periods of time, Washington should have been brought to trial by July 9, 2000. (June 4 + 35 days = July 9.)

(c) Washington's § 28-321 Notice and
State's Motion in Limine

On June 6, 2000, Washington filed, as statutorily required by § 28-321(1), an intent to offer evidence of specific instances of the alleged victim's past sexual behavior. Washington's notice did not request or move for a pretrial hearing on the matter. See § 28-321(2). On June 14, the State filed a motion in limine seeking to preclude Washington from introducing any such evidence. The State's motion in limine specifically included a notice of hearing indicating the State's desire to have a pretrial hearing on the motion and further referenced § 28-321, which specifically provides that either party may make a motion to the court for "an in camera hearing." See § 28-321(2).

On June 27 and July 24, 2000, Washington sought continuances of the hearing on the State's motion in limine. As a result, the hearing on the State's motion was not held until August 25. On that date, Washington was given leave to submit additional evidence, which he submitted on August 28. At that time, the matter was taken under advisement. It is apparent that the period of time attributable to the various continuances sought by Washington should be excluded in calculating his trial date for speedy trial purposes. See § 29-1207(4)(b). As such, the 62 days between Washington's first motion for continuance and the court's taking the State's motion under advisement should be excluded.

The State argues on appeal that the entire time from when Washington filed his § 28-321 notice, on June 6, 2000, until the court ruled on the State's motion in limine, on January 18, 2001, should be excluded. The State argues that the time should be counted against Washington because § 28-321 specifically provides that upon the filing of a notice of intent to use evidence, either party may file for an in camera hearing. The State also argues that to hold otherwise would allow Washington to file a "bogus notice, and then obtain the benefit of time consumed in resolving that issue because **he** did not seek to have the hearing that [the statute] permits either party to file for." Brief for appellee at 6.

The State provides this court with no authority to support its position that a defendant's filing of intent to use evidence of past sexual behavior is tantamount to a pretrial motion that should be

counted against the defendant in calculating speedy trial times. Our independent research reveals no such authority. Indeed, the specific language of § 28-321 refutes the State's assertions. Section 28-321(2) provides, in pertinent part, as follows:

> Upon motion to the court by either party in a prosecution in a case of sexual assault, an in camera hearing shall be conducted in the presence of the judge, under guidelines established by the judge, to determine the relevance of evidence of the victim's or the defendant's past sexual behavior.

■ Contrary to the State's assertions, this provision does not mandate a pretrial hearing on the admissibility of evidence. Rather, the statute merely indicates that if a defendant intends to offer evidence of the alleged victim's prior sexual behavior, the defendant must file a pretrial notice of his or her intent, and that upon the filing of the notice, either party may request the court to conduct an in camera hearing. Nothing in the statute indicates that this hearing must be held and that the admissibility of the evidence must be resolved prior to the trial, but, rather, the statute provides merely that the hearing shall be held "in camera."

On the facts of the present case, it is clear that Washington filed an intent that he was statutorily required to file. That intent entitled either party to seek an in camera hearing on the admissibility of the evidence to be proffered by Washington. Rather than seeking such a hearing during the course of the trial, the State chose to file a pretrial motion in limine, and after the evidence was all submitted to the court on the issue, it took the court more than 4 months to dispose of the motion. Contrary to the State's assertions on appeal, there is no basis for concluding that the 143 days it took the court to dispose of the State's pretrial motion should be excluded in calculating Washington's trial date.

As noted above, Washington sought continuances which resulted in 62 days' worth of delays in the State's motion being submitted to the court for resolution. As such, these 62 days should be excluded from computing Washington's trial date. Therefore, without any other excludable periods of time, Washington should have been brought to trial by September 9, 2000. (July 9 + 62 days = September 9.)

## (d) Other Excludable Periods

The record before us does not indicate any other excludable periods of time prior to the expiration of the statutory speedy trial period on September 9, 2000. The district court's docket sheet indicates that the only other matter occurring prior to September 9 was a substitution of counsel representing Washington on August 24.

The record before us does not indicate any other periods of time which could be considered properly excluded under § 29-1207. On September 9, 2000, when the statutory speedy trial period expired, the district court was still more than 4 months from issuing a ruling on a pretrial motion filed by the State. There is no finding in the record, nor is there support in the record for concluding, that any other period of delay was for good cause and should be excluded. See § 29-1207(4)(f).

## (e) Washington's Failure to Appear

On January 22, 2001, Washington failed to appear for a pretrial conference. A capias was issued for Washington's arrest, and the capias was executed on March 20. Although § 29-1207(4)(d) provides that the period of delay resulting from the absence or unavailability of the defendant shall be excluded in computing the date by which the defendant must be brought to trial for speedy trial purposes, this delay between January 22 and March 21, when Washington appeared before the court, need not be considered on this appeal. As noted, Washington was required to be brought to trial by September 9, 2000. Because there are no other properly excludable time periods, the statutory speedy trial period had already expired before this period of delay attributable to Washington for failure to appear.

## (f) Continuance

Finally, the State argues, and the district court found, that the 30-day continuance granted on June 6, 2000, remained in full force and effect throughout the proceedings. In fact, the State argues that Washington's filing of the § 28-321 notice "stop[ped] the running of the speedy trial clock" and that "there is less than a week" between June 6, 2000, and March 20, 2001, which "counts against the [S]tate for speedy trial purposes." Brief for

appellee at 8. The State argues that there remains "about 30 days left to try Washington." *Id.*

The district court found that although the June 6, 2000, continuance was specifically a 30-day continuance and the record supports a finding that the continuance was only to be for 30 days, "the thirty day period of time was not intended to be strictly construed." Somehow, the district court arrived at the conclusion that "the order entered on the 6th day of June, 2000, continuing the trial of this matter without objection of [Washington] remains in full force and effect." We disagree.

As noted above, during the pendency of the 30-day continuance, the State filed a motion in limine. The delays in bringing Washington to trial attributable to resolution of this motion cannot be excluded from the speedy trial calculation, except inasmuch as Washington requested certain specific continuances. To conclude as the district court did would be to conclude that if the defendant consents to a 30-day continuance, the State is free, at any point during the consented-to continuance, to file a pretrial motion, and that the time required to resolve such motion will be excluded because the motion was filed during a validly excluded continuance period. We believe such a conclusion would be directly at odds with the principles of the speedy trial statute. The district court's finding that the 30-day continuance granted on June 6, 2000, is somehow still in force is clearly erroneous.

### (g) Resolution

Our review of the record indicates that pursuant to § 29-1207, the State was required to bring Washington to trial by September 9, 2000. However, because September 9 fell on a Saturday, the State had until September 11 to bring Washington to trial. The State failed to do so in the present case and failed to demonstrate that any further delay in bringing Washington to trial was a properly excludable period. The record indicates that there was a delay of approximately 4½ months for the court to issue a ruling on the State's motion in limine. The record indicates that there was another delay of approximately 6½ months for the court to issue a ruling on Washington's motion for discharge. The entire bill of exceptions for these two motions consists of less than 50 pages of testimony and argument and 6 exhibits, all

of which is contained in a single volume of the bill of exceptions. The issues presented in both motions do not appear to be so complex as to require months of deliberation, and the district court's rulings on the motions do not indicate that the delays were because of any complex nature to the issues.

In short, the record before us does not contain any justifiable reason for Washington to be required to wait approximately 11 months for rulings on two motions. We note that this case proceeded through the entire appellate system, from filing to oral argument, in roughly the same time as trial was delayed to rule on those two motions. As such, pursuant to Neb. Rev. Stat. § 29-1208 (Reissue 1995), Washington is entitled to absolute discharge from the offense charged and any other offense required by law to be joined with that offense. The district court's finding to the contrary is clearly erroneous and must be reversed. The matter must be remanded with directions to dismiss the information against Washington.

### 3. CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

As noted above, Washington's motion for discharge was based on both statutory grounds, as discussed above, and on constitutional grounds. In light of our resolution above concerning Washington's statutory speedy trial right, we will not further discuss whether Washington's motion for discharge also should have been sustained on constitutional grounds.

## V. CONCLUSION

The district court was clearly erroneous in finding that Washington's statutory right to a speedy trial was not violated. We reverse the district court's order overruling Washington's motion for absolute discharge and remand the matter to the district court with directions to dismiss the information against Washington.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.